■ In the Matter of the Claim of ALAN BLACKMAN, Respondent, v. CITY OF NEW YORK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the employer from a decision of the Workmen's Compensation Board which made an award to the claimant. Although no issue is created as to proof of accident and causal relationship, the employer controverts the claim on the ground that the claimant is not a covered employee under group 20, subdivision 1 of section 3 of the Workmen's Compensation Law on the grounds that, as a school teacher, he was not engaged in a hazardous

occupation and additionally, that the claimant was entitled to a disability retirement from the appellant thus rendering him ineligible to receive benefits under the Workmen's Compensation Law. The claimant, a teacher of applied science in a vocational and technical school in New York City, lost his right eye as the result of injuries received when run into by a student and also while quelling a disturbance in the school. His teaching duties required him to demonstrate the uses of hydraulic presses, motors and electric circuit levers as well as conducting many chemical experiments. The statute in question and hereinabove referred to, provides as follows: "In a city having a population of one million or more, teachers, regular or substitute, of shop work, manual training, industrial or trade subjects, mechanic arts, textiles, machine shop assistants, laboratory assistants and teachers of any subject, trade, or employment requiring, for instruction purposes, use of tools or machinery for which protective, guarding or safety devices are required by the labor law, may elect to receive the benefits prescribed by this chapter provided they are not eligible for retirement under the teachers' retirement system in said city. An election to come within this chapter shall constitute a waiver of any right to receive absence refunds from the board of education of said city". Determinative of the issues created herein are claimant's status as an employee and whether he had become eligible for retirement in the context of the quoted section (Workmen's Compensation Law, § 3, subd. 1, group 20). The record clearly shows that the claimant's duties and activities brought him within the enumerated teaching specialties defined by the section and the board's determination of that issue in favor of the claimant was supported by substantial evidence. The evidence disclosed that he was a teacher of "industrial or trade subjects" as well as subjects "requiring, for instruction purposes, use of tools or machinery for which protective, guarding or safety devices are required by the labor law"; and further, that his employment was "hazardous" by definition of the above-quoted section. Upon the present record, however, we find no evidence that claimant was "not eligible for retirement under the teachers' retirement system in said city"; and remittal is necessary to develop the facts. Decision reversed, with costs to appellant against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.