■ In the Matter of the Claim of EUNICE KESSLER, Respondent, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 11, 1980, which held claimant to be an employee within the meaning of the Workers' Compensation Law. Claimant is a registered nurse and a professor of nursing at Kingsborough Community College, City University of New York. On September 5, 1978, while at work, she bent down and hit her left eye on the edge of a table. She sustained a 100% loss to the left eye. The claim was controverted on the ground that claimant was not covered under the Workers' Compensation Law. Specifically, it is claimed that claimant is a teacher and not engaged in a hazardous employment as enumerated in subdivision 1 of section 3 of the Workers' Compensation Law. The board found that claimant "is an employee within the meaning of the Workers' Compensation Law". This appeal ensued. The sole issue on this appeal is whether claimant was employed in hazardous employment within the meaning of the Workers' Compensation Law. The statute enumerates the various hazardous employments and includes a nurse employed in a hospital maintained or operated by a municipal corporation (Workers' Compensation Law, § 3, subd 1, group 15). The record establishes that claimant spent approximately 15 hours per week teaching her nursing students, two thirds of which were spent in a hospital engaged in nursing activities. Appellant's attorney admitted before the board that claimant spent approximately two thirds of her time teaching in city hospitals. There is also testimony in the record that claimant spent the bulk of her teaching tours demonstrating or actually doing nursing work in a hospital. Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the determination of the board and it should not be disturbed (see *Matter of Blackman v City of New York,* 29 AD2d 720; *Matter of Hogans v City of New York,* 278 App Div 620). Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.