■ JOHN VAN BUREN, Respondent-Appellant, v EMPLOYERS INSURANCE OF WAUSAU, Appellant-Respondent, and RICHARD J. P. GRANT, Respondent. — In an action for a declaratory judgment, (1) defendant Employers Insurance of Wausau appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Dufficy, J.), dated October 16, 1980, as, after a nonjury trial, declared that it was obligated to defend and to indemnify plaintiff and to pay on behalf of plaintiff any judgment rendered against him in a certain medical malpractice action, and plaintiff cross-appeals from so much of the same judgment as declared that defendant Richard Julian Percy Grant, underwriter at Lloyd's, is under no duty to defend or indemnify plaintiff or to pay on behalf of plaintiff any judgment rendered against him in the aforesaid medical malpractice action, and (2) defendant Employers Insurance of Wausau appeals, as limited by its brief, and plaintiff cross-appeals from the same respective portions of an amended judgment of the same court, dated May 28,

1981. Appeal and cross appeal from the judgment dated October 16, 1980 dismissed, without costs or disbursements. That judgment was superseded by the amended judgment dated May 28, 1981. Amended judgment, dated May 28, 1981, reversed, insofar as appealed from, on the law, without costs or disbursements; the second, third, fourth, fifth, sixth and seventh decretal paragraphs are deleted; it is declared that (1) defendant Employers Insurance of Wausau is under no duty to defend, indemnify or pay on behalf of plaintiff John Van Buren, any judgment which may be entered against him in the action of *Joyce Caruana, infant over the age of 14 years by her father and natural guardian, Robert Caruana and Robert Caruana, individually v Mary Immaculate Hospital, Dr. William P. Riley and Dr. John Van Buren,* and (2) defendant Richard Julian Percy Grant, underwriter at Lloyd's, is obligated to defend and, if necessary, indemnify and pay on behalf of plaintiff John Van Buren, to the extent of its policy limits, any judgment rendered against Van Buren as a defendant in said action; the matter is remitted to the Supreme Court, Queens County, for the taxation of costs and the entry of judgment accordingly; and the judgment dated October 16, 1980 is vacated. In this action, plaintiff Dr. John Van Buren seeks a declaration that either defendant Employers Insurance of Wausau (hereinafter Employers) and/or defendant Richard Julian Percy Grant, underwriter at Lloyd's (hereinafter Lloyd's) should be required to defend and, if necessary, indemnify him with respect to a medical malpractice action brought against him. In May, 1959, plaintiff began treating infant Joyce Caruana for an eye condition. On July 10, 1959, plaintiff referred the infant to another physician for further treatment. Approximately 16 years later, on or about November 3, 1975, a summons and complaint, alleging, *inter alia,* medical malpractice in connection with the infant's treatment, were served upon plaintiff. This was his first notification of any kind of an intent to institute proceedings against him concerning the afore-mentioned treatment. Plaintiff immediately notified Employers, his then malpractice insurance carrier. In accordance with Employers' advice, plaintiff forwarded the summons and complaint to his insurance broker, who then forwarded those documents to Employers. In December, 1975, an attorney notified plaintiff that he had been retained by Employers "to appear for and protect [plaintiff's] interest" in the medical malpractice action. In March, 1976, an independent investigator, hired by Employers, reviewed plaintiff's records, which review disclosed the dates the infant had been treated by plaintiff. However, Employers did not notify plaintiff until December, 1976 that the treatment dates were not within the period of coverage of its policy. Upon receipt of that notification from Employers, plaintiff discovered that Lloyd's had been his malpractice insurance carrier for the period covering the infant's treatment. Plaintiff then promptly notified the agent for Lloyd's of the claim against him. Employers also promptly notified Lloyd's of the details of the malpractice claim against plaintiff. In March, 1977, plaintiff was notified that Lloyd's had disclaimed its obligation to defend and indemnify because of the late notice of claim or suit. We find that Employers should not be required to either defend or indemnify plaintiff with regard to the medical malpractice claim. Insurance coverage cannot be created by equitable estoppel where no policy of insurance exists (see *Drew Chem. Corp. v Fidelity & Cas. Co.,* 60 AD2d 552, affd 46 NY2d 851; *Chrapa v Johncox,* 60 AD2d 55, 60, app dsmd 44 NY2d 836; cf. *Zappone v Home Ins. Co.,* 55 NY2d 131, 135-138; *Schiff Assoc. v Flack,* 51 NY2d 692). However, defendant Lloyd's was notified by plaintiff, within a reasonable time under all the facts and circumstances herein, of the medical malpractice action against him. Accordingly, said defendant is required to defend plaintiff, and, if necessary, indemnify and pay on behalf of plaintiff, to the extent of its policy limits, any judgment rendered against him in the underlying medical malpractice action. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.