■ NASSAU INSURANCE COMPANY, Respondent, v LOUIS A. MANZIONE et al., Defendants, and CHRISTI VAGIANOS et al., Infants, by Their Mother and Natural Guardian, IRENE VAGIANOS, et al., Appellants.—In a declaratory judgment action, the appeal is from a judgment of the Supreme Court, Queens County (Graci, J.), entered March 21, 1984, which, *inter alia*, declared that the plaintiff insurance company was not obligated to defend or indemnify defendant Louis A. Manzione in

an action pending against him in the Supreme Court, Queens County, and bearing index No. 12900/81.

Judgment affirmed, without costs or disbursements.

In this action, plaintiff Nassau Insurance Company (hereinafter Nassau) seeks a declaration that it is not obligated to defend or indemnify defendant Louis A. Manzione in a tort action arising out of an automobile accident in which the appellants were allegedly injured. The accident occurred on March 26, 1980. A notice of claim in connection with the accident was received by Nassau in September of 1981, followed by a summons and complaint which was served on Nassau on November 16, 1981 pursuant to a court order. Nassau initially denied coverage under its policy because of the lack of timely notice, but nevertheless answered the complaint and demanded a verified bill of particulars on or about November 24, 1981. Thereafter, on December 7, 1981, Nassau notified appellants and defendant Manzione that its policy was not in effect on the date of the accident, but commenced on April 4, 1980.

Nassau first moved to withdraw from the action based on the lack of a policy in existence at the time of the accident on or before December 30, 1981, and again on May 10, 1982. Both applications were denied. Over a year later, Nassau commenced the instant declaratory judgment action.

Appellants' contention that Nassau did not prove its case by a preponderance of the credible evidence is without merit. The Department of Motor Vehicle's forms submitted by appellants made out a prima facie case of coverage by Nassau at the time of the accident (*Matter of State Farm Mut. Auto. Ins. Co. v Yeglinski,* 79 AD2d 1029). This proof, however, was rebutted by Nassau's introduction of the policy itself, which is the best evidence of coverage dates. Nassau's position was further supported by the testimony of all the witnesses called at the trial of this declaratory judgment action.

Where there is no coverage under an insurance policy because the policy was not in existence at the time of the accident, estoppel cannot be used to create coverage (*Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assoc. v Flack,* 51 NY2d 692; *Van Buren v Employers Ins.,* 98 AD2d 774). This situation is to be distinguished from that where an insurer disclaims coverage under an insurance policy because one or more of the policy provisions has been violated (*Zappone v Home Ins. Co., supra; Globe Indem. Co. v Franklin Paving Co.,* 77 AD2d 581; *Moore Constr. Co. v United States Fid. & Guar. Co.,* 293

NY 119). The case at bar falls within the first class of cases because while the accident herein occurred on March 26, 1980, the policy in question did not commence until April 4, 1980. Thus, the doctrine of equitable estoppel is inapplicable. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.