■ In the Matter of the Claim of GWENDOLYN WILLIAMS, Respondent, v LETICIA GEDDES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed November 20, 1985.

The employer objects to the finding of covered employment made by the Workers' Compensation Board. Pursuant to Workers' Compensation Law § 2 (4), the term "employee" does not include domestic servants except as provided in Workers'

Compensation Law § 3. The latter statute contains a listing of the employments subject to workers' compensation and includes "[d]omestic workers * * * employed by the same employer for a minimum of forty hours per week" (Workers' Compensation Law § 3 [1], [12]).

Viewed in its most favorable light, the testimony in this case can best be described as vague and inconsistent. Nevertheless, it appears undisputed that (1) the employer was seeking a full-time live-in domestic to care for her children and do light housekeeping; (2) the employer interviewed claimant for the position; and (3) the employer hired claimant. It is the capacity in which claimant was employed that is in dispute.

Claimant, of course, testified that she was hired to fill the position for which she was interviewed, alleging that she fell and injured herself on the third day of her employment and was unable to work thereafter. The employer, on the other hand, testified that she found claimant unsuitable for the position and so advised her, but that claimant was hired for one evening of baby-sitting. The testimony of the employment agency representative who arranged the interview seems to take the middle ground: that claimant did not meet all the employer's requirements, but was hired to fill the position until a more suitable person could be found. In view of the Board's broad powers to resolve questions of credibility and draw reasonable inferences from the evidence found credible (see, Matter of Wiltshire v Consolidated Edison Co., 89 AD2d 657), we cannot disturb the Board's finding that claimant's employment as a domestic was subject to workers' compensation coverage pursuant to Workers' Compensation Law § 2 (4) and § 3 (1), (12). The employer's argument regarding the lack of any direct proof as the number of hours involved in the employment is unavailing, for the Board could reasonably infer that the full-time live-in arrangement contemplated by the employer involved 40 or more hours per week.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.