■ JOSEPH TANTILLO, Formerly Doing Business as TANTILLO HEATING & AIR CONDITIONING, Respondent, v U. S. FIDELITY AND GUARANTY COMPANY, Appellant, and MICHAEL KWIATKOWSKI et al., Respondents, et al., Defendants.—Judgment unanimously reversed on the law without costs and summary judgment granted in favor of defendant U. S. Fidelity and Guaranty Company, in accordance with the following

memorandum: The policy of liability insurance issued by defendant, U. S. Fidelity and Guaranty Company, to plaintiff, Joseph Tantillo, was effectively canceled on December 28, 1983 for Tantillo's failure to pay the premiums. Three months after the date of cancellation, Michael Kwiatkowski suffered burns which he alleged were caused by Tantillo's negligent installation of a hot water heating system in his home. Kwiatkowski commenced an action against Tantillo, and Fidelity engaged an attorney who undertook defense of the lawsuit on behalf of Tantillo. A year and one half later, when it discovered that Tantillo's policy had been canceled and had not been in effect when the accident occurred, Fidelity notified Tantillo that it was disclaiming any obligation to defend or indemnify him and the attorney engaged by Fidelity was granted permission to withdraw as Tantillo's attorney.

In this action for declaratory judgment, the court granted Tantillo's motion for summary judgment declaring that Fidelity was estopped from denying coverage to Tantillo. We reverse and grant summary judgment in favor of Fidelity, declaring that it has no obligation to defend the action brought against Tantillo or to indemnify him from any liability arising therefrom.

No issue has been raised concerning the validity of the cancellation of the policy effective December 28, 1983. Thus, it is not disputed that on the date of the incident giving rise to Tantillo's alleged liability, no insurance policy was in existence. "Where there is no coverage under an insurance policy because the policy was not in existence at the time of the accident, estoppel cannot be used to create coverage" (*Nassau Ins. Co. v Manzione,* 112 AD2d 408, 409, *lv denied* 66 NY2d 605), and this is so even where the insurance company assumes control over defense of an action for an appreciable period of time before it disclaims any obligation to defend or indemnify (*Nassau Ins. Co. v Manzione, supra; Van Buren v Employers Ins.,* 98 AD2d 774; *see also, Bourne v Seal,* 53 Ill App 2d 155, 203 NE2d 12). (Appeal from judgment of Supreme Court, Erie County, Fudeman, J.—declaratory judgment.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.