(July 2, 1991)

■ GJELOSH DEDVUKAJ, Doing Business as HOTI REALTY MANAGEMENT, Appellant-Respondent, v ALLSTATE INSURANCE COMPANY et al., Appellants, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 18, 1989, which denied plaintiff's motion for summary judgment as against defendant Public Service Mutual Insurance Company, granted the cross-motion by Public Service Mutual for summary judgment and denied the cross-motion by defendant Allstate Insurance Company for summary judgment, is affirmed, without costs or disbursements.

The facts involved in this case are well described in the dissenting opinion. Moreover, as the dissent has aptly observed, plaintiff's "flat" cancellation of the policy issued by defendant Public Service Mutual Insurance Company was valid even after the occurrence of an insurable accident since the rights of a third party had not then been adversely affected (Cosmopolitan Mut. Ins. Co. v Lumbermen's Mut. Cas. Co., 20 NY2d 145).

However, contrary to the view expressed by the dissent, we believe that the cross-motion for summary judgment by defendant Allstate Insurance Company was appropriately denied. In that regard, plaintiff, the owner of certain garden apartments in Brooklyn, alleges that on December 26, 1984, he discussed with defendant Jim Bandelli, an agent for Allstate, whether he should replace his existing policy with Public Service and, at that time, Bandelli stated that his new coverage with Allstate would be effective immediately. Allstate denies that any such representation was made, claiming instead that plaintiff first contacted Bandelli on November 8,

1

1984 to solicit a price citation for general liability and fire insurance for the premises in question. Thereafter, Bandelli purportedly obtained a verbal quotation which he transmitted to plaintiff on several occasions during the latter part of December of 1984, but plaintiff, it is asserted, advised that he was waiting to hear from Public Service with respect to what that company would charge in order to renew the existing contract. Allstate insists that it did not provide an insurance policy to plaintiff in December of 1984 and that, indeed, he did not formally request coverage until February 28, 1985, more than a month after Anthony Lino supposedly slipped and fell on a sidewalk adjacent to plaintiff's property. It should be noted that plaintiff is not seeking to vary through the introduction of parol evidence the terms of the written contract issued by Allstate but merely claims that coverage commenced prior thereto as a result of the representations made to him by Bandelli. Accordingly, the Supreme Court appropriately determined that there are disputed questions of fact concerning whether Allstate's agent had informed plaintiff that the company's coverage was effective as of December of 1984 and whether, if it were ultimately found that he had made such a representation, Bandelli possessed the requisite apparent authority to bind his principal. Concur—Milonas, Kupferman and Rubin, JJ.

Murphy, P. J., dissents in part in a memorandum as follows: The plaintiff sues for a declaration as to whether one or both of the defendant insurers has an obligation to defend and indemnify him against a claim by one Anthony Lino for injuries allegedly sustained by Lino upon the plaintiff's premises.

Between January 1, 1984 and January 1, 1985 the subject premises had been insured by defendant Public Service Mutual Insurance Company. This coverage was renewed by a policy issued on February 15, 1985. On March 21, 1985, however, the plaintiff requested that his Public Service Mutual policy be canceled for late issuance. The cancellation was at the plaintiff's direction a "flat" cancellation, that is, it was effective retroactive to January 1, 1985 and resulted in the refund of any premiums paid. Although the plaintiff claims to have negotiated alternative coverage with defendant Jim Bandelli, an Allstate agent, effective December 26, 1984, the only policy issued by defendant Allstate Insurance Company for the subject premises was executed on February 28, 1985 and provided coverage from March 1, 1985 to March 1, 1986. The policy provided as a general condition of coverage that "[N]o-

tice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver of, or a change in, or estop the company from asserting, any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by indorsement issued to form a part of this policy."

In June of 1986 the plaintiff was served with a summons and complaint alleging that Anthony Lino had been injured upon the plaintiff's premises on January 22, 1985. As noted, however, the plaintiff had canceled his Public Service Mutual coverage effective January 1, 1985 and his Allstate coverage did not, by the terms of the policy issued, commence until March 1, 1985. In an effort to remedy the apparent gap in coverage for the period during which the injury to Lino allegedly occurred, the plaintiff has brought the present action; he claims that his cancellation of the Public Service Mutual policy was ineffective and that, despite the terms of the written Allstate policy, his coverage commenced on December 26, 1984 pursuant to his alleged oral agreement with Bandelli.

The motion court granted Public Service Mutual's motion for summary judgment, declaring that it had no duty to defend or indemnify the plaintiff since the plaintiff's "flat" cancellation of the policy had been effective. The court noted correctly that the Lino claim had not matured or even been reported at the time of the cancellation, and held that as the rights of a third party were not then affected, the "flat" cancellation was valid (see, Cosmopolitan Mut. Ins. Co. v Lumbermen's Mut. Cas. Co., 20 NY2d 145, 150). Allstate's cross-motion for summary judgment, however, was denied as the court was apparently of the view that Allstate could be estopped from denying coverage if its agent Bandelli had, in fact, represented to the plaintiff that his coverage would commence as of December 26, 1984.

While I agree with motion court's disposition of the action as against Public Service Mutual and accordingly concur in the majority's affirmance thereof, I cannot agree with the majority's affirmance of that part of the appealed order denying Allstate's motion for summary judgment.

As noted, the motion court denied Allstate's motion upon the ground that Allstate may be equitably estopped from denying coverage based on representations allegedly made by its agent to the plaintiff. It is, however, very basic that the existence of insurance coverage cannot be established by estoppel; the insurer cannot be estopped from denying cover-

age when coverage was never provided. "Where there is no coverage under an insurance policy because the policy was not in existence at the time of the accident, estoppel cannot be used to create coverage" *(Nassau Ins. Co. v Manzione,* 112 AD2d 408, 409, *lv denied* 66 NY2d 605; *see also, e.g., Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assocs. v Flack,* 51 NY2d 692, 698; *Van Buren v Employers Ins.,* 98 AD2d 774). This being the case, it is quite clear that the action against Allstate cannot be permitted to continue upon the theory advanced by the motion court.

Indeed, the only theory upon which Allstate could be held in this action would be that Allstate, through its agent Bandelli, had in fact entered into a contract to insure the plaintiff for the period between December 26, 1984 and March 1, 1985. There is, however, no documentary proof of any such contract and it is undisputed that no premiums were paid for coverage during that period. I think it evident that the plaintiff's completely unsubstantiated allegations of coverage do not constitute a sufficient ground for the perpetuation of this action. If it is the majority's position that a contract of insurance may be found based upon the bare assertion of an agreement, it may wish to consider whether on such a basis it would have countenanced an action by the insurer for unpaid premiums. I think it plain that we would not allow the recovery of premiums without some more substantial evidence of coverage. If there was no legally cognizable obligation on the part of the plaintiff to pay premiums there cannot have been a corresponding obligation on the part of the defendant insurer to provide coverage.

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.) entered on or about July 18, 1989, denying plaintiff's motion for summary judgment against Public Service Mutual, granting Public Service Mutual's cross-motion for summary judgment, and denying Allstate Insurance Company's cross-motion for summary judgment, should be modified on the law, the cross-motion of Allstate Insurance Company granted and judgment entered, declaring that Allstate has no duty to defend or indemnify the plaintiff, and otherwise affirmed.