◼ MARILYN WEISSMAN et al., Appellants, v GOVERNMENT EMPLOYEES INSURANCE Co., Doing Business as GEICO, et al., Respondents. [631 NYS2d 427] —In an action for a judgment declaring the rights of the parties under a homeowner's insurance policy, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated January 6, 1994, which denied their motion for summary judgment, and (2) an order of the same court, dated March 23, 1994, which denied their motion to renew and reargue.

Ordered that the appeal from so much of the order dated March 23, 1994, as denied the branch of the plaintiffs' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 23, 1994, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated January 6, 1994, is affirmed; and it is further,

Ordered that the respondent Government Employees Insurance Company d/b/a GEICO is awarded one bill of costs.

On the morning of October 29, 1990, Carrie Johnson, who was employed to care for the plaintiffs' mother, fell down a flight of stairs at the premises located at 60 Wicks Lane, Malverne, and sustained personal injuries. Fee ownership in the premises had passed to the plaintiffs upon the death of their father in March 1990. Their father had insured the premises under a homeowners policy issued by the defendant, Government Employees Insurance Co. d/b/a GEICO (hereinafter GEICO). Upon his death the plaintiffs had asked that GEICO reissue the policy in their names. However, it was not until October 1990 that GEICO forwarded to the plaintiffs a "Renewal Declaration Sheet" for the policy indicating that it would contain a "Workers Compensation Endorsement".

Thereafter, Johnson sued the plaintiffs for personal injuries, and also filed a Workers' Compensation claim against the plaintiffs. GEICO supplied a defense in the personal injury action, but has refused to defend the Workers' Compensation

claim, on the ground that the plaintiffs' homeowners' policy did not cover full-time employees. The plaintiffs commenced this declaratory judgment action against GEICO and Johnson, and moved for summary judgment, seeking a declaration that the Workers' Compensation claims asserted by Johnson were covered under their policy of insurance with GEICO.

We find that the plaintiffs' motion for summary judgment was properly denied by the Supreme Court.

As a threshold matter, the question of who, if anyone, was defendant Johnson's employer on the date of the accident was not before the IAS Court, and there is insufficient evidence in the record to permit a determination of this issue—which in any event is best left for resolution by the Workers' Compensation Board. We note in this regard that the Supreme Court was premature in referring to the plaintiffs as Ms. Johnson's employers in the order dated January 6, 1994.

Furthermore, on this record we cannot ascertain whether Johnson was covered by the Workers' Compensation endorsement in the homeowners' policy purchased by the plaintiffs, as it is unclear whether Johnson was still employed when her accident occurred, and, if she was, whether her employment was for more or less than 40 hours per week. These are factual questions properly left for the Workers' Compensation Board to resolve *(see, e.g., Matter of Williams v Geddes,* 125 AD2d 796; *see also,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 3, at 279, n 11). However, should the Board find that no coverage existed, we note that none could be created by GEICO's tardy disclaimer *(see, e.g., Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assocs. v Flack,* 51 NY2d 692; *Nassau Ins. Co. v Manzione,* 112 AD2d 408, 409; *Van Buren v Employers Ins.,* 98 AD2d 774).

Finally, the plaintiffs contend that they repeatedly requested but did not receive a copy of their new insurance policy and therefore were unaware that the Workers' Compensation endorsement contained therein was limited. They claim that had they known of the limited nature of the endorsement they could have secured additional Workers' Compensation coverage if warranted. Their claims, however, fail to make out the elements of common law estoppel against GEICO *(see, e.g., Matter of Walls v Levin,* 150 AD2d 873, 874).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.