Matter of Cunningham v Department of Educ. (2022 NY Slip Op 03422)





Matter of Cunningham v Department of Educ.


2022 NY Slip Op 03422


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

532936 532937 532938
[*1]In the Matter of the Claim of Paula S. Cunningham, Appellant,
v
Department of Education et al., Respondents. Workers' Compensation Board, Respondent. (And Two Other Related Claims.)

Calendar Date:April 21, 2022

Before:Garry, P.J., Lynch, Pritzker, Colangelo and McShan, JJ.

Paula S. Cunningham, Westbury, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York City (Emma Semerad of counsel), for Department of Education and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed December 29, 2020, which ruled that claimant was not eligible for workers' compensation benefits under Workers' Compensation Law § 3.
Claimant, a public school principal in New York City, filed three separate workers' compensation claims, alleging that she sustained multiple work-related physical and psychological injuries related to incidents occurring in 2017 and 2019. Various proceedings ensued and, in a combined decision, a Workers' Compensation Law Judge disallowed the claims upon the basis that claimant was a pedagogical employee and, thus, was not eligible for workers' compensation benefits pursuant to Workers' Compensation Law § 3 (1). The Workers' Compensation Board affirmed, adopting the WCLJ's findings and decision. Claimant appeals.
We affirm. Whether a claimant is engaged in a covered employment under the Workers' Compensation Law is a factual question for the Board to resolve, and its determination in this regard will be sustained where supported by substantial evidence (see Workers' Compensation Law § 3 [1]; Matter of Kessler v Board of Higher Educ. of City of N.Y., 86 AD2d 908, 908 [1982]; see generally Matter of Lopez v City Univ. of N.Y., 299 AD2d 645, 646-647 [2002]; Matter of Williams v Geddes, 125 AD2d 796, 797 [1986]; see also Matter of Kearns v Decisions Strategies Envt., 167 AD3d 1197, 1198-1199 [2018]). Workers' Compensation Law § 3 (1) enumerates the types of "[h]azardous employments" eligible for workers' compensation benefits. As is pertinent here, workers' compensation benefits, under certain conditions, are available to teachers of "shop work, manual training, industrial or trade subjects" or other similar subjects, as well as "teachers of any subject, trade, or employment requiring, for instruction purposes, use of tools or machinery for which protective, guarding or safety devices are required by the labor law" (Workers' Compensation Law § 3 [1] [Group 20]). Eligibility for benefits also extends to "any person employed in a nonpedagogical capacity by school authorities within a city having a population of one million or more" (Workers' Compensation Law § 3 [1] [Group 20-b]).
Claimant's hearing testimony, which the WCLJ credited, reflects that her role as principal involved various duties, including the direction and oversight of teaching staff, teaching methods, professional development, schedules and testing, as well as the development of curriculum and the selection of textbooks. In further defining her duties, claimant repeatedly relied upon Education Law § 2590-i, which describes a school principal as both the "administrative and instructional leader of [a] school" (Education Law § 2590-i [1]). The description of her employment duties on her claims forms was consistent with her testimony. In view of the foregoing, despite claimant's further testimony that her role was also administrative, we find that substantial evidence supports the [*2]conclusion that claimant's employment responsibilities were principally pedagogical in nature, and that she was not engaged in the instruction of any qualifying subject matter (see Workers' Compensation Law § 3 [1] [Group 20]). Accordingly, we find no basis to disturb the determination finding that claimant is not eligible to receive workers' compensation benefits (see Workers' Compensation Law § 3 [1]; Matter of Kessler v Board of Higher Educ. of City of N.Y., 86 AD2d at 908).
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.