■ In the Matter of the Claim of GAIL CRAPO, Appellant, v CITY OF BUFFALO, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [805 NYS2d 180]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 2004, which ruled that claimant's decedent did not sustain a causally related injury and denied her claim for workers' compensation death benefits.

Decedent, a City of Buffalo maintenance worker, collapsed while filling a pothole and was pronounced dead at the hospital. Claimant, decedent's widow, filed a claim for workers' compensation death benefits, which the employer controverted. Following hearings, a Workers' Compensation Law Judge found that claimant was entitled to the presumption of compensability under Workers' Compensation Law § 21 (1) and made an award of benefits. The Workers' Compensation Board thereafter reversed, finding that the presumption did not relieve claimant of the burden to submit prima facie medical evidence of a causally related death. Claimant now appeals.

We affirm. To be compensable under the Workers' Compensation Law, an accidental injury must arise both out of and in the course of employment (*see* Workers' Compensation Law § 2 [7]; § 10 [1]; *Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949 [2005]; *Matter of Wichtendahl v Arrow Bus Line*, 307 AD2d 400, 401 [2003]). In the case of an unexplained or unwitnessed death that occurs in the course of employment, the claimant is entitled to rely on the presumption under Workers' Compensation Law § 21 (1) that such death arises out of the employment (*see Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]). Here, however, the employer presented the testimony of Mark Felschow, who observed decedent shortly before his death shoveling asphalt into a pothole. Felschow testified that he witnessed decedent collapse to the ground and that his efforts at resuscitation were unsuccessful. The employer also produced decedent's death certificate, which listed arteriosclerotic heart disease as the sole cause of death, as well as the autopsy report confirming that conclusion. Moreover, the independent report of a cardiovascular disease expert opined that decedent's death was not work related and was likely caused by severe coronary atherosclerosis. Based upon this evidence that the death was witnessed and explained, the Board's denial of the underlying claim—in the absence of any prima facie proof of a causally related death—is supported by substantial evidence (*compare Matter of Koenig v State Ins. Fund*, 4 AD3d 671 [2004]).

We have considered claimant's remaining arguments and find

that they are either rendered academic by the foregoing conclusion or lacking in merit.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.