■ In the Matter of the Claim of LUCY NWOKO, Appellant, v CITY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 386]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 13, 2005, which ruled that the death of claimant's decedent was not causally related to his employment and denied claimant's claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent), a caseworker with the New York City Department of Homeless Services, reported to work one morning and was found dead in his vehicle later that afternoon. Claimant thereafter submitted an application for workers' compensation death benefits. A hearing was held and a workers' compensation law judge (hereinafter WCLJ) closed the case on the basis of a lack of prima facie medical evidence. Upon review, the Workers' Compensation Board rescinded the WCLJ's decision and returned the case to the trial calendar for further development of the record relative to whether decedent's death occurred during the course of his employment. Following a further hearing, a WCLJ once again concluded that claimant failed to establish that decedent's death was causally connected to his work. The Board subsequently reviewed the matter, modified the WCLJ's decision to the extent of finding that decedent had died during the course of his employment, held that claimant was entitled to rely on the presumption that decedent's unwitnessed death arose out of his employment (*see* Workers' Compensation Law § 21 [1]), and returned the case to the trial calendar. At the conclusion of another hearing, a WCLJ established the case, determining that decedent suffered a causally related death. The employer sought review of the decision, arguing that it was improperly denied the opportunity to acquire decedent's medical records and obtain a medical opinion as to the issue of causality. The Board ultimately reversed the WCLJ's

decision and disallowed the claim on the ground that there was no causation. Specifically, the Board found that the record evidence demonstrated that decedent was engaged in the personal activity of moving his vehicle from a no-parking area at the time that his death occurred, and that such evidence successfully rebutted the Workers' Compensation Law § 21 (1) presumption that decedent's death arose out of his employment.

We affirm. To be compensable under the Workers' Compensation Law, an accidental injury must occur in the course of and arise out of employment (*see* Workers' Compensation Law § 2 [7]; *Matter of Crapo v City of Buffalo*, 24 AD3d 838, 839 [2005]). Although an unexplained or unwitnessed death that occurs during the course of employment is presumed to arise out of such employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Crapo v City of Buffalo, supra* at 839; *Matter of Brown v Clifton Recycling*, 1 AD3d 735, 735 [2003]), that presumption may be rebutted with " 'substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the [death] except that offered by the employer' " (*Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883, 884 [2002], quoting *Matter of Iacovelli v New York Times Co.*, 124 AD2d 324, 325-326 [1986]). That being so, activities which are strictly personal in nature are considered to be outside the scope of employment and are not compensable, with the test being whether the particular activity is " 'reasonable and sufficiently work related under the circumstances' " (*Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003], quoting *Matter of Vogel v Anheuser-Busch*, 265 AD2d 705, 705 [1999]).

Here, inasmuch as claimant conceded that decedent was found dead in his vehicle after leaving a meeting with a client for the purpose of moving his vehicle out of a no-parking zone, we find that substantial evidence supports the Board's decision that decedent's death occurred at a time when he had deviated from his employment by performing a purely personal activity. To that end, we note that there is simply no indication in the record that decedent's act of moving his vehicle from the restricted area was in any way connected to his job or furthered his employment responsibilities. In view of this disposition, we need not extensively address the issue of whether the employer timely filed its notice of controversy. Even assuming that it did not, claimant nevertheless failed to demonstrate, in the first instance, that decedent's death was work related (*see Matter of Mellis v New York State Dept. of Corrections*, 9 AD3d 766, 767 [2004]).

Nor are we persuaded by claimant's assertion that the Board was constrained to determine only whether the employer should have been allowed additional time to obtain and review decedent's medical records and, as such, erred by actually reversing the WCLJ's decision and disallowing the claim. The Board maintains continuing jurisdiction over matters before it and is authorized to modify prior decisions on its own initiative as it deems just (*see* Workers' Compensation Law § 123; *Matter of Novara v Cantor Fitzgerald, LP*, 20 AD3d 103, 108 [2005], *lv denied* 5 NY3d 710 [2005]; *Matter of Farcasin v PDG, Inc.*, 286 AD2d 840, 840-841 [2001]).

Claimant's remaining contentions have been examined and found to be lacking in merit.

Crew III, Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.