■ In the Matter of the Claim of LISA GABAK, Respondent, v NEW VENTURE GEAR, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 695]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2004, which, inter alia, precluded as untimely the independent medical examination report submitted by the employer's workers' compensation carrier.

Claimant injured her left knee in a work-related accident. In August 2003, an independent medical examination (hereinafter IME) of claimant was conducted by a physician who concluded that she no longer suffered from any disability causally related to her workplace injury. In September 2003, a Workers' Compensation Law Judge suspended claimant's benefits pending the production of medical evidence regarding the issues of causality and continuing disability. Claimant thereafter submitted several reports of her treating physician. Following a May 2004 hearing, the Workers' Compensation Law Judge precluded the IME report on the basis that it was filed untimely, granted the employer's request to cross-examine claimant's treating physician and directed the employer to continue payments. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by the employer.

A written IME report must be filed with the Board within 10 business days of the date of the examination (*see* 12 NYCRR 300.2 [d] [11]). In order to satisfy this requirement, the employer points to a copy of the IME report of claimant's August 1, 2003 examination, allegedly transmitted by fax and received by the Board on August 11, 2003. However, the record further reveals that the required IME-4 form, together with the physician's narrative written report of the August 1 examination, were not received by the Board until August 21, 2003. Notably, the IME-4 form reflects that it was signed on August 19, 2003. Since the faxed IME report allegedly received by the Board on August 11, 2003 failed to substantially comply with the Board rules (*see* 12 NYCRR 300.2 *et seq.*), it did not satisfy the timely filing requirements. Accordingly, we decline to disturb the Board's determination that the report was properly precluded as untimely (*see Matter of Hutchins v Callanan Indus.*, 293 AD2d 902, 902 [2002]). Further, since 12 NYCRR 300.2 (d) (9) precludes any waiver by a claimant of rights provided under Workers' Compensation Law § 137, which includes the filing requirement, the doctrine of laches has no application. Therefore, claimant's medical evidence was uncontradicted and the determination that the employer must continue payments is appropriate (*see Matter of Marks v County of Tompkins*, 274 AD2d 764, 765 [2000]).

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.