In the Matter of the Claim of BETH ANN CRUMP, Appellant, v SAINT PATRICK'S CHURCH, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [831 NYS2d 576]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 21, 2005, which ruled that the death of claimant's decedent was not causally related to his employment.

Decedent, claimant's husband, collapsed at work and died shortly thereafter of coronary artery disease. Because decedent was at work and the incident was unwitnessed, his death was presumed to have been causally related to his employment (*see* Workers' Compensation Law § 21 [1]). The self-insured employer initially failed to rebut that presumption (*see Matter of Babson v Finch Pruyn & Co. Inc.*, 25 AD3d 936, 937 [2006]), resulting

in an award of benefits to claimant. Upon the employer's application for review, however, that determination was rescinded by the Workers' Compensation Board, which restored the case to the trial calendar for consideration of a report submitted by the employer's medical expert. The subsequent uncontroverted testimony by the employer's medical expert that "[t]here was no causal relation between decedent's work activities and his death" provided the primary basis for a decision disallowing the claim. That decision was affirmed by the Board, prompting this appeal.

We affirm. Where, as here, a presumption of compensability arises out of an incident that occurs during the course of employment, the employer is entitled to overcome that presumption through the submission of "substantial evidence to the contrary" (*Matter of Pinto v Southport Correctional Facility*, 19 AD3d 948, 949-950 n 1 [2005]). In addition to testimony offered by the employer's medical expert, the record contains the affidavit of the pastor of the church where decedent was employed relating that shortly before he left for work on the morning he died, decedent had complained to claimant of dizziness, cold sweats and pain in his left shoulder to such an extent that claimant had asked him to go to the hospital. Furthermore, the evidence suggests that decedent performed little, if any, strenuous activity while at work on the morning of his demise and his autopsy report revealed no indication of new or acute damage to his heart. Inasmuch as the Board's decision rests on medical evidence which includes the observation that decedent's death "resulted from his underlying condition and could have occurred at any time under any circumstances," we decline to disturb it (*see Matter of MacDonald v Penske Logistics*, 34 AD3d 967 [2006]).

We have considered claimant's remaining arguments and find them to be without merit.

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.