■ In the Matter of the Claim of ANGELA MOLTZON, Appellant, v COMPUTER ASSOCIATES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 369]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 21, 2005, which ruled that the death of claimant's decedent was not causally related to his employment.

Decedent, claimant's husband, was at LaGuardia Airport in New York City for business-related travel when he suffered a fatal heart attack. Following hearings, a Workers' Compensation Law Judge determined that work-related stress was a precipitating cause of decedent's death and awarded claimant workers' compensation benefits. That decision was reversed by the Workers' Compensation Board which, based on its finding that testimony offered by the employer's medical expert was more credible than that offered by claimant's consulting physician, concluded that the record lacked sufficient evidence to support a determination of causally related death. Claimant now appeals, asserting that the employer failed to overcome the presumption of compensability afforded her under Workers' Compensation Law § 21 (1) and, thus, the Board's decision is not supported by substantial evidence.

We disagree, affirm and note initially that, inasmuch as both a death certificate and autopsy report list the cause of decedent's death, which was witnessed, as atherosclerotic cardiovascular disease, Workers' Compensation Law § 21 (1) is inapplicable and claimant must establish a causally related death (*see Matter of Crapo v City of Buffalo*, 24 AD3d 838, 839 [2005]). Although claimant's medical expert, Marc Parnes, opined that decedent's myocardial infarction was the result of work-induced stress, the employer's medical expert, Carl Friedman, testified

in direct contrast to that opinion, stating that "[t]here is no indication[ ] that the acute myocardial infarction [was] associated with stress." Notably, Friedman's diagnosis was based upon his observation that decedent was a heavy smoker who had suffered six episodes of chest pain in the three months immediately preceding his death, none of which was alleged to have been brought about by work-related stress, while Parnes's diagnosis partially relied upon facts that were unsubstantiated—or contradicted—in the record. Inasmuch as it is within the province of the Board to resolve conflicting medical evidence, we decline to disturb its determination (*see Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]).

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.