■ In the Matter of the Claim of KATHLEEN F. CAPPELLINO, Appellant, v BAUMANN & SONS BUS COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [860 NYS2d 286]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed June 15, 2006, which ruled that claimant's decedent did not sustain a causally related injury and denied her claim for workers' compensation death benefits.

Claimant's decedent suffered a fatal heart attack on July 22, 2000 precipitating the instant claim for workers' compensation death benefits. At the time of his death, decedent was walking through his employer's bus yard when he collapsed. A coworker witnessed the event. After a series of hearings, the Workers' Compensation Board rendered a decision finding no causal relationship between decedent's death and his employment thus disallowing the claim. Claimant now appeals.

Even assuming that decedent's death, which occurred during the course of employment, was unexplained (*see e.g. Matter of Moltzon v Computer Assoc.*, 39 AD3d 1053 [2007]) and thus entitled to a presumption of compensability, such a presumption may be rebutted by an employer with "substantial evidence to the contrary" (Workers' Compensation Law § 21 [1]; *see Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Wallas v Mastic Beach Excavation, Inc.*, 18 AD3d 1107, 1108 [2005], *lv denied* 5 NY3d 712 [2005]). Upon our review of the record,

substantial evidence supports the Board's conclusion that decedent's death was not causally related to his work and thus must be affirmed (*see Matter of Crump v Saint Patrick's Church*, 38 AD3d 1040, 1041 [2007]).

In particular, an impartial specialist who reviewed decedent's medical records opined that his death was unrelated to his work activities. This opinion was based upon decedent's documented medical history which included diagnoses of high blood pressure and high cholesterol and noted a strong family history of coronary artery disease. In addition, these records revealed that decedent had been a chronic smoker, was markedly obese and had a permanent tracheostomy for obstructive sleep apnea. Notably, he had suffered two prior heart attacks for which he had been treated with intracoronary stent insertion and coronary balloon angioplasty. Although claimant submitted contrary medical proof on the issue of causation, the Board's determination that decedent's fatal heart attack was not work related is amply supported by substantial evidence.

Claimant's remaining contentions have been examined and found to be lacking in merit, including the claim that the Board misapplied Workers' Compensation Law § 25 (2) (b) (*see Matter of Nwoko v City of New York*, 29 AD3d 1070, 1071 [2006]).

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.