1042

■ In the Matter of the Claim of ELAINE BARTH, Appellant, v HANSON AGGREGATES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [868 NYS2d 404]—

Kavanagh, J.

In April 2005, while employed as a crusher operator, decedent suffered a myocardial infarction that caused his death. Claimant, decedent's widow, filed an application for workers' compensation death benefits, which was challenged by decedent's employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) on the ground that no causal relationship existed between decedent's death and his employment. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that decedent's death was not causally related to his employment and disallowed the claim. Upon review, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant now appeals and we affirm.

Initially, claimant takes issue with the Board's decision that a report prepared by the employer's expert physician, Carl Friedman, should have been admitted into evidence at the hearing. She claims that the employer failed to comply with 12 NYCRR 300.2 (d) (12), which requires that, for such a report to be admissible, it must be furnished to the WCLJ and "all other parties . . . prior to th[e] hearing." The Board concluded that, while claimant may not have been actually served with the report prior to the hearing, she had access to it for at least six months before the hearing date and used it to cross-examine Friedman when he testified in July 2006. As such, the record provides ample support for the Board's conclusion that the employer substantially complied with the provisions of 12 NYCRR 300.2

(d) (12), and properly denied claimant's motion to preclude this report from being considered as evidence at the hearing* (*see generally Matter of Gabak v New Venture Gear*, 30 AD3d 794, 795 [2006]; *Matter of Clark v Siara Mgt., Inc.*, 16 AD3d 821, 822 [2005], *lv dismissed* 4 NY3d 882 [2005]).

Claimant's contention that decedent's death was causally related to his employment is based principally upon the application of the presumption that if an unwitnessed or unexplained death occurs during the course of one's employment, the claim is compensable (*see* Workers' Compensation Law § 21 [1]; *Matter of Petrocelli v Sewanhaka Cent. School Dist.*, 54 AD3d 1143, 1144 [2008]; *Matter of Thompson v Genesee County Sheriff's Dept.*, 43 AD3d 1252, 1253 [2007]). The Board concluded that this presumption does not apply because decedent's collapse was actually witnessed by a coworker and, at the time, did not appear to be causally related to his work (*see Matter of Crapo v City of Buffalo*, 24 AD3d 838, 839 [2005]). In that regard, claimant argues that while a coworker was with decedent when he collapsed, that worker was not with him earlier that morning when decedent began his work shift and, as a result, did not know what type of work decedent may have been performing during that period of time prior to his death. In addition, claimant testified that decedent, as was his habit, telephoned her that morning shortly after he arrived at work, told her that he had been shoveling heavy material and, in claimant's words, was clearly out of breath. Claimant's medical experts—based on this testimony and claimant's assertion that decedent was routinely required as part of his job to shovel heavy material— offered the opinion that decedent's myocardial infarction was caused by strenuous activity and, therefore, was causally related to his work.

Even if one were to conclude that this presumption of compensability applied (*see Matter of Cappellino v Baumann & Sons Bus Co.*, 52 AD3d 1058, 1058 [2008]; *Matter of Crapo v City of Buffalo*, 24 AD3d at 839; *Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134, 1135 [2007], *lv denied* 9 NY3d 807 [2007]), the employer may offer "substantial evidence to the contrary" to rebut it (Workers' Compensation Law § 21 [1]; *see Matter of Pappas v State Univ. of N.Y. at Binghamton*, 53 AD3d 941, 942 [2008]; *Matter of Crump v Saint Patrick's Church*, 38 AD3d 1040, 1041 [2007]). In that regard, the employer notes that claimant's medical expert has conceded that his opinion that decedent's death was causally related to

---

* The Board reversed the WCLJ's decision denying the admissibility of this report in a decision dated June 16, 2006.

his work was based upon the assumption that decedent was engaged in strenuous activity during a period of time immediately prior to his collapse. However, testimony was introduced establishing that decedent's coworkers had not seen him engaged in any strenuous activity on the morning prior to his collapse, and that decedent did not routinely engage in such activity as a normal part of his employment. In addition, the employer presented evidence that, as a crusher, decedent performed primarily sedentary work requiring him to monitor a machine's gauges and operate its valves. Based on this testimony, the employer's medical expert concluded that decedent's death was not causally related to his work and pointed to his use of tobacco and his diabetic condition as factors that contributed to his demise.

The WCLJ's assessment of the evidence received at the hearing, and his resolution of contradictions that may exist, is entitled to great deference, unless no support in the record exists (*see Matter of Hernandez v Vogel's Collision Serv.*, 48 AD3d 861, 861 [2008]; *Matter of Provenzano v Pepsi Cola Bottling Co.*, 30 AD3d 930, 932 [2006]). From the foregoing, the Board's conclusion that decedent's death was not caused by any employment-related activity is supported by substantial evidence (*see Matter of Pappas v State Univ. of N.Y. at Binghamton*, 53 AD3d at 942; *Matter of Cappellino v Baumann & Sons Bus. Co.*, 52 AD3d at 1058) and, therefore, we affirm the Board's decision.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.