■ In the Matter of the Claim of PATRICIA PORCELLI, Appellant, v PMA ASSOCIATES et al., Respondents. WORKER'S COMPENSATION BOARD, Respondent. [882 NYS2d 603]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 22, 2007, which, among other things, precluded the written reports and testimony of claimant's medical expert.

Claimant's husband (hereinafter decedent) was employed as a printer for over 30 years by several different employers. Decedent died in 1998 as a result of respiratory failure. Claimant applied for workers' compensation death benefits, claiming that decedent's death was attributable to his inhalation of toxic chemicals during the course of his employment.

Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that decedent's death resulted from an occupational disease and awarded claimant benefits. On review, the Workers' Compensation Board found that claimant's failure to timely furnish her

medical expert's original report to the Board and other parties pursuant to 12 NYCRR 300.2 (d) (12) required preclusion of the report, as well as an addendum to the report and the expert's hearing testimony. Based on this preclusion, the Board found that claimant failed to establish a causal relationship between decedent's death and his employment. The case was closed with no award of benefits. Claimant appeals.

When a party intends to refer at a hearing to the report of a physician who reviewed medical records without a physical examination, the report must be furnished to the WCLJ and all parties "prior to that hearing" (12 NYCRR 300.2 [d] [12]). Here, the original report of claimant's expert was not filed with the Board prior to the hearing where the expert was to testify. In fact, the employer objected to the report on that basis and the matter was adjourned. On the new hearing date two months later, the report still had not been filed with the Board. While the record reveals that some of the parties had a copy of the report a year prior to the hearings, it is unclear whether all parties were furnished with the report. Based upon claimant's failure to file the report with the Board (i.e., furnish it to the WCLJ), as well as the uncertainty concerning whether the report was provided to all parties prior to the hearing, the record supports the Board's conclusion to preclude the report (*see Matter of Burke Vol. Fire Dept. Inc.*, 2007 WL 2380586, *2, 2007 NY Wrk Comp LEXIS 4981, *4 [WCB No. F505 0086, June 5, 2007]; *Matter of Hebrew Academy of Five Towns*, 2006 WL 907678, *1, 2006 NY Wrk Comp LEXIS 2835, *3 [WCB No. 2040 4900, Apr. 3, 2006], *affd sub nom. Matter of Schwartz v Hebrew Academy of Five Towns*, 39 AD3d 1134 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Town of Preston*, 2005 WL 1875949, *2, 2005 NY Wrk Comp LEXIS 6732, *5 [WCB No. F904 0041, Aug. 4, 2005]; *compare Matter of Barth v Hanson Aggregates, Inc.*, 57 AD3d 1042, 1042-1043 [2008] [affirming Board's denial of preclusion where report was filed with Board and available to the claimant prior to hearing, although it may not have actually been served upon the claimant]). As the addendum and the expert's testimony referred to and relied upon the original report, this evidence was properly precluded as well (*see Matter of Olczyk v Verizon N.Y., Inc.*, 33 AD3d 1109, 1109 [2006]; *Matter of Town of Preston*, 2005 WL 1875949, at *2, 2005 NY Wrk Comp LEXIS 6732, at *5). Without claimant's expert proof, the Board's determination that claimant failed to establish a causally-related death is supported by substantial evidence.

Cardona, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.