Matter of Johnson v Consolidated Edison Co. of NY (2020 NY Slip Op 03702)





Matter of Johnson v Consolidated Edison Co. of NY


2020 NY Slip Op 03702


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

528775

[*1]In the Matter of the Claim of Catherine Johnson, Appellant,
v
Consolidated Edison Co. of NY, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: June 10, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Colangelo, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Michael K. Gruber of counsel), for appellant.
Cherry Edson & Kelly LLP, Melville (David W. Faber of counsel), for Consolidated Edison Co. of NY, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed August 8, 2018, which ruled, among other things, that the records review report and addendum of claimant's independent medical examiner were precluded and denied claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent) worked as a mechanic in an industrial plant for many years where he was exposed to asbestos and other toxic substances. He was diagnosed with metastatic lung cancer in 2014 and died in February 2015. Claimant filed a claim for workers' compensation death benefits alleging that decedent's death was due to an occupational disease resulting from his exposure to asbestos and other airborne contaminants. The claim was indexed by the Workers' Compensation Board and an electronic case file was opened. The self-insured employer controverted the claim and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that there was no prima facie medical evidence to support a finding of causally-related death.
In April 2017, claimant's counsel forwarded decedent's medical records to Lester Ploss, the independent medical examiner retained by claimant to conduct a records review and provide an opinion on cause of death. On April 19, 2017, Ploss prepared a records review report opining that decedent's death was causally related to his occupational exposure to asbestos. In June 2017, the report, together with the medical records relied upon by Ploss, were submitted to the Board. Following a hearing and in a September 2017 decision, the WCLJ found that the report prepared by Ploss was not filed with the Board in accordance with applicable regulations and struck the report from the record. The WCLJ, however, afforded claimant the opportunity to produce "additional medical documentation."
After the September 2017 hearing, claimant's counsel requested that the medical records relied upon by Ploss be included in the Board's official file and attached copies of the same. On October 17, 2017, Ploss prepared a second records review report, substantively identical to the first, that was submitted to the Board by claimant's counsel. Following a November 2017 hearing, the WCLJ found, among other things, that claimant had produced prima facie medical evidence that decedent's death was causally related to his occupational exposure to asbestos based on this report. In addition, the WCLJ afforded the employer the opportunity to retain its own independent medical examiner to provide a records review report on causally-related death.
Thereafter, the employer retained its own examiner who opined that decedent's death was not causally related. The WCLJ directed that the parties conduct depositions of their respective independent medical examiners. During his deposition, Ploss attempted to refute the opinion of the employer's examiner by referring to an article published in a professional journal that was not identified in his October 17, 2017 report or made a part of the Board's case file. The employer objected and the parties agreed to adjourn the deposition.
At the April 2018 hearing that followed, claimant's counsel requested that the WCLJ permit Ploss to submit an addendum to his October 17, 2017 report addressing the article that he referenced in his deposition. The employer maintained that this was a violation of Workers' Compensation Law § 137 and 12 NYCRR 300.2 (d) (3) because the article was not part of the Board's case file. The WCLJ issued a decision that, among other things, granted claimant's request to have Ploss produce the addendum, which Ploss had prepared the day of the hearing.
The employer appealed this decision. As relevant here, the Board found that Ploss' October 17, 2017 report did not comply with the applicable regulations and that, consequently, there was no basis for the addendum. The Board reasoned that "[n]o new or additional evidence" was presented in the October 17, 2017 report. Accordingly, the Board precluded both Ploss' October 17, 2017 report and the addendum. In view of this and, exercising its continuing jurisdiction under Workers' Compensation Law § 123, the Board rescinded the WCLJ's prior finding that there was prima facie medical evidence to support a finding of causally-related death, disallowed the claim and closed the case. Claimant appeals.
The requirements applicable to reports prepared by independent medical examiners conducting a review of medical records is set forth in 12 NYCRR 300.2.[FN1] As is relevant here, the regulations state that "[i]nformation provided to an independent medical examiner in connection with . . . [a] review of records shall be part of the official [B]oard file at the time it is provided to the independent medical examiner or his or her office so that it is available to all parties" (12 NYCRR 300.2 [d] [3]). The medical records relied upon by Ploss were not in the official Board file at the time that he prepared his April 19, 2017 report. That said, claimant concedes that Ploss' April 19, 2017 report did not comply with 12 NYCRR 300.2 (d). She nonetheless argues that Ploss' October 17, 2017 report satisfied the regulatory requirements. Even if we agreed with claimant on this point, the Board correctly precluded the October 27, 2017 report and the proposed addendum. When the WCLJ struck the April 19, 2017 report, it permitted claimant to produce "additional medical documentation." As the Board found, however, the submission of the October 17, 2017 report, which was similar to the April 19, 2017 report in almost all respects, was not new or additional evidence. Accordingly, the Board's determination will not be disturbed.
Furthermore, the regulations require that the independent medical examiner conducting a review of medical records include in his or her report a signed certification (see 12 NYCRR 300.2 [d] [4] [i] [e]) and specify that "[t]he signed certification shall contain an original signature of the independent medical examiner made by such examiner after reviewing the report and shall not be a stamp or other method of reproducing a signature" (12 NYCRR 300.2 [d] [4] [ii]). The record does not disclose that Ploss' October 17, 2017 report contains an original signature as it appears to be a photocopy of his April 19, 2017 report with a different date. Given that this report failed to comply with the regulatory requirements, it was properly precluded by the Board.
Claimant further contends that, even if Ploss' October 17, 2017 report was properly precluded, the Board erred in disallowing the claim and should have marked the case "no further action" in accordance with 12 NYCRR 300.38 (g) (3) (ii) so that she could submit additional medical evidence. Claimant's reliance on this regulatory provision, however, is misplaced, as it applies to prehearing conferences where the WCLJ has found that the claimant's medical report does not constitute prima facie medical evidence (see 12 NYCRR 300.38 [g] [3] [ii]). Moreover, under the circumstances presented, there is no indication that the Board abused its discretion in disallowing the claim and closing the case. Claimant was afforded multiple opportunities to produce a records review report establishing a causal relationship, but failed to comply with regulatory requirements. The only admissible medical evidence in the record is the report of the employer's examiner, who found no causal relationship. Therefore, we find no reason to disturb the Board's decision.
Garry, P.J., Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: As we have previously noted, the provisions of Workers' Compensation Law § 137 do not apply to medical reports that are based solely upon an independent review of medical records (see Matter of Coratti v Jon Josef Hair & Colour Group, 17 AD3d 768, 769 [2005]).