Matter of Barton v Consolidated Edison Co. of New York, Inc. (2020 NY Slip Op 06190)





Matter of Barton v Consolidated Edison Co. of New York, Inc.


2020 NY Slip Op 06190


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

530286

[*1]In the Matter of the Claim of Loretta Barton, Appellant,
v
Consolidated Edison Company of New York, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 15, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, New York City (Micheal K. Gruber of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Consolidated Edison Company of New York, Inc. and another, respondents.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed April 8, 2019, which disallowed claimant's claim for workers' compensation death benefits.
Decedent established a claim for workers' compensation benefits for the occupational disease of asbestosis, with a date of disability of June 29, 1994. He died in February 2017 and claimant, decedent's spouse, filed this claim for workers' compensation death benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) found that a report by physician Lester Ploss, based upon a records review, constituted prima facie medical evidence of an occupationally-related death and continued the case to address causal relationship. The employer and its third-party administrator (hereinafter collectively referred to as the employer) sought review by the Workers' Compensation Board on the ground that the provisions of Workers' Compensation Law § 137 and 12 NYCRR 300.2 had not been complied with regarding Ploss' report. The Board found the report had not been sent to the employer in violation of 12 NYCRR 300.2 (d) (4) (iv), precluded the report and modified the WCLJ's decision to rescind the finding of prima facie medical evidence. In consideration of this finding, the Board found that claimant had proffered no admissible evidence of a causally-related death, disallowed the claim and closed the case. Claimant appeals.
Pursuant to 12 NYCRR 300.2 (d) (4) (iv), copies of written reports of medical experts made based on a records review to be used for reference at a hearing must be filed with the Board and submitted to all other parties three days prior to the hearing. It is uncontested that the employer was not provided a copy of the report pursuant to the regulation and, therefore, the report was properly precluded (see Matter of Keller v Cumberland Farms, 178 AD3d 1260, 1262 [2019], lv denied 35 NY3d 912 [2020]; Matter of Porcelli v PMA Assoc., 64 AD3d 1058, 1059 [2009]).[FN1]
As to the Board's decision to disallow the claim and close the case after rescinding the WCLJ's finding of prima facie medical evidence, it should be noted that if the WCLJ, in the first instance, had found that claimant had not proffered prima facie medical evidence, the WCLJ would have been required to have marked the case as "no further action" (12 NYCRR 300.38 [g] [3] [ii]). Claimant then would have been provided an opportunity to "submit additional information on an amended or other medical report, upon which submission the case shall be scheduled for another pre-hearing conference" (12 NYCRR 300.38 [g] [3] [ii]). Thus, under these circumstances, where there has been no finding by the WCLJ as to the establishment or disallowance of the claim, the Board's decision to find no admissible evidence of a causally-related death and close the case based solely upon the rescission of the WCLJ's finding of prima facie medical evidence was improper. Rather, the matter should now be marked as no further action, thereby providing claimant with an opportunity to proffer additional information to satisfy her burden of submitting prima facie medical evidence (see 12 NYCRR 300.38 [g] [3] [ii]; see generally Matter of Galatro v Slomins, Inc., 177 AD3d 1232, 1233-1234 [2019]; Matter of Nock v New York City Dept. of Educ., 160 AD3d 1238, 1239 [2018]).[FN2]
Egan Jr., J.P., Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as disallowed the claim and closed the case; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Contrary to claimant's contention, the Board did not preclude the report pursuant to Workers' Compensation Law § 137. Although the Board referred to both a violation of the regulation and Workers' Compensation Law § 137 in summarizing its decision, the Board specifically noted earlier in the decision that Workers' Compensation Law § 137 did not apply to this matter, and the record clearly reflects that the Board precluded the report based upon a violation of 12 NYCRR 300.2 (d) (4) (iv).

Footnote 2: In arguing that the disallowance of the claim and closing of the case was proper, the employer's reliance on Matter of Keller v Cumberland Farms (178 AD3d at 1262) and Matter of Porcelli v PMA Assoc. (64 AD3d at 1059) is misplaced since those decisions are distinguishable in that they did not address the findings of prima facie medical evidence and the WCLJs in those cases had established the claims.