Matter of Galatro v Slomins, Inc. (2021 NY Slip Op 04402)





Matter of Galatro v Slomins, Inc.


2021 NY Slip Op 04402


Decided on July 15, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 15, 2021

531751
[*1]In the Matter of the Claim of Edward Galatro, Appellant,
v
Slomins, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 3, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Stewart, Greenblatt, Manning & Baez, Syosset (Peter M. DeCurtis of counsel), for Slomins, Inc. and another, respondents.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed January 27, 2020, which, among other things, disallowed claimant's request to amend his workers' compensation claim to include a consequential injury.
In 2013, claimant sustained a work-related injury to his left knee and underwent arthroscopic surgery. While in recovery following the surgery, claimant complained of severe chest pain and, ultimately, underwent two cardiac stent procedures. Following the establishment of his workers' compensation claim for the left knee injury, claimant sought to include, as is relevant here, a causally-related consequential injury of myocardial infarction, based upon a 2015 independent medical report by his physician, Lester Ploss.
Following the submission of independent medical reports and deposition testimony from Ploss and the employer's workers' compensation carrier's medical expert, Jonathan Sumner, the Workers' Compensation Board, in a decision filed June 8, 2016 and in an amended decision filed August 28, 2017, found that Ploss did not comply with Workers' Compensation Law § 137 and precluded his opinion. The Board, noting the absence of medical evidence supporting claimant's causally-related consequential injury and crediting Sumner's medical opinion, disallowed the claim and indicated that no further direction was planned at that time.
Instead of appealing the Board's decision and amended decision, claimant submitted a request for further action based upon a second medical report by Ploss, who, in 2017, reexamined claimant. By decision filed September 10, 2018, the Board, affirming the decision of the Workers' Compensation Law Judge, denied claimant's request, finding that the claim for myocardial infarction had already been litigated and disallowed in its June 8, 2016 decision and August 28, 2017 amended decision. Claimant's subsequent request for reconsideration and/or full Board review was denied by decision filed October 29, 2018.
Upon appeal from the September 10, 2018 and October 29, 2018 decisions, this Court ruled that the Board, by precluding Ploss' 2015 medical report and declaring that no further direction was planned at the time, did not deny the claim outright (177 AD3d 1232, 1233 [2019]). As such, this Court found that the Board's June 8, 2016 decision and August 28, 2017 amended decision did not preclude claimant from submitting further medical evidence of causally-related injuries (id. at 1233-1234). Accordingly, this Court reversed the Board's September 10, 2018 and October 29, 2018 decisions (id. at 1233-1234).
Upon remittal, the full Board adopted this Court's decision and referred the matter to the Board for further proceedings. By decision filed January 27, 2020, the Board found that claimant was given a full and fair opportunity to produce admissible evidence in support of his claim for consequential injuries but failed to do so. In accordance with its continuing jurisdiction pursuant to Workers' Compensation [*2]Law § 123, the Board then modified its June 8, 2016 decision and August 28, 2017 amended decision by omitting the statement that "no further direction is planned by the Board at this time," and, having credited the testimony of Sumner and disallowing the claim for myocardial infarction, closed the case with prejudice with respect to that issue. The Board further noted that, if it were to consider the issue of whether to amend the claim for consequential myocardial infarction, it would find that the 2017 medical report of Ploss was insufficient to warrant reconsideration of the Board's prior decision disallowing the claim as it does not support the claim for consequential myocardial infarction. Claimant appeals.
Claimant contends that the Board erred in finding that its June 8, 2016 decision and August 28, 2017 amended decision were dispositive of the merits of whether claimant's myocardial infarction was causally related to his knee injury, thereby precluding him from submitting further medical evidence. Based upon the corrective action taken by the Board regarding the June 8, 2016 decision and the August 28, 2017 amended decision, we find claimant's contention to be without merit. To that end, the Board, exercising its continuing jurisdiction pursuant to Workers' Compensation Law § 123, struck from the June 8, 2016 decision and the August 28, 2017 amended decision the declaration that "no further direction is planned . . . at this time," finding that it had been erroneously included. In doing so, the Board explained that, where, as here, there has been a full and fair opportunity to produce admissible evidence in support of the claim and the issue has been fully developed, it is the Board's standard adjudicatory practice to make a decision on the merits of the claim. As such, the Board modified those decisions by omitting the erroneous aforementioned phrase and, reaffirming its finding that the claim for myocardial infarction was disallowed based upon the credible medical opinion of Sumner, closed the case with respect to that issue.
The record demonstrates that the parties were given a full and fair opportunity to develop the issue of a causally-related injury — after a finding that prima facie medical evidence existed for the claim to proceed — through submission of medical reports and depositions. Although Ploss' 2015 medical report was ultimately precluded for failure to comply with Workers' Compensation Law § 137, the issue of a causally-related injury was evaluated by the Board based upon the remaining medical evidence of Sumner. Given that the record on the issue of causally-related myocardial infarction was fully developed and decided by the Board, together with the Board's correction to omit the erroneous phrase reflecting that the matter was closed, we find no error in the Board precluding claimant from submitting additional medical evidence (see Matter of Johnson v Consolidated Edison Co. of NY, 185 AD3d 1113, 1115-1116 [2020[*3]]; Matter of Esposito v Tutor Perini Corp., 158 AD3d 912, 913 [2018], lv denied 31 NY3d 906 [2018]; compare Matter of Barton v Consolidated Edison Co. of N.Y., Inc., 187 AD3d 1477, 1478 [2020]). In view of the foregoing, we are also unpersuaded by claimant's contention that the legal issue of whether claimant sustained a causally-related injury was left unanswered.
To the extent that claimant attempts to challenge the denial of his claim of a causally-related injury of myocardial infarction, our review is limited to the Board's denial of his request for further action to submit additional medical evidence. To that end, a review of the 2017 medical report from Ploss does not indicate that claimant's myocardial infarction was causally related to the established knee injury but, rather, opined that such injury was related to claimant's job activities. As such, we discern no basis to disturb the Board's finding that there was insufficient evidence to warrant reconsideration of its decision to disallow the claim and that further development of the record was not warranted (see generally Matter of Ostuni v Town of Ramapo, 8 AD3d 915, 916 [2004]). Claimant's remaining contentions are without merit.
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.