In the Matter of the Claim of MARION OZGA, Appellant, v PATHMARK STORES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 437] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed June 27, 1997, which ruled that the death of claimant's decedent was not causally related to his employment and denied the claim for workers' compensation benefits.

Claimant's decedent (then age 35) sustained a work-related injury when he sprained the third finger on his right hand and bruised his palm on January 29, 1994 while working as a seafood clerk at the employer's supermarket. On May 2, 1994, decedent was admitted to the hospital where he died four days later. The Workers' Compensation Board ultimately rejected claimant's application for death benefits, ruling that the injury to decedent's right hand did not cause or in any way contribute to his death.

Expert medical evidence presented at the administrative

hearing disclosed that decedent had been an intravenous drug user and an alcohol abuser for several years prior to his death. It was the opinion of the physician who testified on behalf of the employer's workers' compensation carrier, a specialist in the fields of forensic medicine and pathology, that decedent's death was the result of alcohol-induced hepatitis which led to cardiorespiratory failure. The carrier's medical expert further testified that he saw no evidence of an infection which might have led to decedent's demise, nor was there any report of an infection in decedent's hospital records. He concluded that decedent's death resulted from liver failure and was unrelated to his previously injured hand. Claimant's expert medical witness was of a different opinion, averring that decedent's death was the direct result of blood poisoning precipitated by the injury to his right hand. As it lay within the province of the Board to determine the weight to be accorded this conflicting medical testimony (*see, Matter of Connelly v Connelly Assocs.*, 241 AD2d 572, *lv denied* 90 NY2d 810; *Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801), we cannot say that the Board's decision was not supported by substantial evidence in the record.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.