■ In the Matter of the Claim of JANICE M. NAPPI, Appellant, v BELL ATLANTIC CORPORATION/NYNEX, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 529] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 24, 2000, which ruled that claimant failed to establish a claim and denied workers' compensation benefits.

Claimant left her employment as a telephone operator with Bell Atlantic Corporation/NYNEX after treating unsuccessfully with her physician, Joseph Booth. She thereafter filed claims for workers' compensation benefits asserting that she had incurred thoracic outlet syndrome and tinnitus as the result of the requirements and conditions of her employment.

The Workers' Compensation Law Judge (hereinafter WCLJ) initially found that claimant had made a prima facie showing of accident and occupational disease based upon medical reports prepared by another treating physician, Michael Lax, and continued the matter. Claimant was then examined by Warren Rinehart, a physician retained by the employer, who disputed Lax's diagnosis and attributed her disability to chronic anxiety disorder. After an adjournment intended to permit Booth, Lax and Rinehart to attend and give testimony, a hearing was held. Claimant and Booth testified as to her medical condition, but neither Lax nor Rinehart appeared. When no adjournment was requested, the WCLJ closed the record pursuant to 12 NYCRR 300.10 and ruled that claimant had failed to present sufficient evidence establishing that she had suffered a compensable accident or occupational disease. The Workers' Compensation Board affirmed the WCLJ's determination. This appeal ensued and we now affirm.

Contrary to claimant's contention, we find no impropriety in the WCLJ's decision to close the record at the end of the hearing and then render a determination without the cross-examination of Rinehart. Pursuant to 12 NYCRR 300.10, the WCLJ was authorized to close the record and render a decision based on the evidence submitted where, as here, no excuse was offered for the witness's absence on the adjourned hearing date and no party requested a further adjournment (*see, Matter of Ricci v Riegel & Sons*, 278 AD2d 673, 674).

We are also unpersuaded by claimant's contention that the Board's determination is unsupported by substantial evidence. The WCLJ relied on the hearing testimony given by claimant and Booth, together with the medical reports submitted by claimant's treating physicians and the employer's physician. The record shows that Booth testified that he had never made a causal connection between claimant's numerous physical symptoms and her employment. Rinehart expressed the opinion in his report that, based on his examination of claimant, any orthopedic pathology was not causally related to her employment.

Relying on the presumption in Workers' Compensation Law § 21 (5), claimant argues that Lax's reports constitute unrebut-

ted evidence that her tinnitus and thoracic outlet syndrome were caused by conditions of her employment. However, although Lax's initial report in 1997 listed tinnitus among the diagnoses considered, he did not specifically connect any of her conditions to her employment until his report in October 1998. Significantly, that later report did not include tinnitus among the symptoms attributed to her working conditions. Also, while Lax's later report includes thoracic outlet syndrome among such symptoms, claimant made no showing that such condition was not encompassed by Rhinehart's opinion that her orthopedic pathology was not causally related to her employment. It is well settled that the Board may accept or reject all or part of any medical evidence presented (*see, Matter of Nicholson v Mohawk Val. Community Coll.*, 274 AD2d 677, 678; *Matter of Barrett v Transport Sys.*, 146 AD2d 829, 831), as well as determine the weight to be given thereto (*see, Matter of Ozga v Pathmark Stores*, 252 AD2d 727, 728; *Matter of Connelly v Connelly Assocs.*, 241 AD2d 572, 573, *lv denied* 90 NY2d 810; *Matter of Kroeger v New York State Workers' Compensation Bd.*, 222 AD2d 912, *lv denied* 88 NY2d 801). Thus, we conclude that there was substantial evidence to support the Board's determination that claimant's symptoms were not work related.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.