■ In the Matter of the Claim of Sandra Scalzo, Respondent, v St. Joseph's Hospital et al., Appellants. Workers' Compensation Board, Respondent. [747 NYS2d 266] —Mercure, J.P.

Claimant was employed as a patient account representative and her duties included telephone and computer work and filing. According to claimant, on May 18, 2000, she was seated at her desk doing computer work when, out of the corner of her eye, she noticed an object being thrown in her direction. Claimant responded by immediately rising up from her chair. As she did so, she twisted her back and felt a sharp pain travel down to her feet. For a moment, she also felt as if she could not move. Although there is no evidence that anyone witnessed the incident, claimant's supervisor testified that she found claimant standing at her desk grimacing in pain and claimant told her that she had just gotten up from her chair and felt as if she could not move. Claimant was later diagnosed with a herniated L5-S1 disc and a bulging disc at the L1-L2, L2-L3 and L5-S1 spinal positions.

Claimant filed a claim for workers' compensation benefits,

which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) on the ground that claimant's injuries were idiopathic and not the result of an accident arising out of and in the course of her employment. After a hearing, a Workers' Compensation Law Judge found that an accident had been established. On appeal, the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's decision, ruling that the medical evidence in the record, together with the lay testimony at the hearing and the presumption under Workers' Compensation Law § 21 (1), supported a finding that claimant's injury arose out of and in the course of her employment. The employer now appeals.

We affirm. Initially, we reject the employer's contention that it rebutted the presumption under Workers' Compensation Law § 21 (1). Under Workers' Compensation Law § 21 (1), "unwitnessed or unexplained accidents 'which occur within the time and place limits, or "course", of employment are presumed to arise out of the employment' " (*Matter of Iacovelli v New York Times Co.*, 124 AD2d 324, 325, quoting *Matter of McCabe v Peconic Ambulance & Supplies*, 101 AD2d 679, 680). To rebut that presumption, "an employer must present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer" (*id.* at 325-326). In support of its contention, the employer points out that claimant did not initially indicate that the object she stood up to avoid was a piece of candy her supervisor was throwing to different employees. Such an inconsistency, however, simply raised an issue of credibility for resolution by the Board (*see Matter of Depew v Lancet Arch*, 292 AD2d 666; *Matter of Marshall v Murnane Assoc.*, 267 AD2d 639, *lv denied* 94 NY2d 762; *Matter of Iacovelli v New York Times Co.*, *supra* at 325-326). In view of the Board's choice to credit claimant's testimony, which was, in fact, corroborated by her supervisor and supported by the medical evidence in the record, we find that there is substantial evidence to support the Board's determination that claimant's injury was the result of a workplace accident (*see Matter of Gates v McBride Transp.*, 60 NY2d 670, 671; *Matter of Lewis v New York State Dept. of Mental Retardation & Dev. Disabilities*, 257 AD2d 813).

Crew III, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.