◼ In the Matter of the Claim of CARMEN LOPEZ, Respondent, v CITY UNIVERSITY OF NEW YORK, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [750 NYS2d 194] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed August 17, 2001, which, inter alia, ruled that claimant was engaged in covered employment under the Workers' Compensation Law.

On December 1, 1989, while a student at Bronx Community College, claimant was working as an assistant student helper at the learning center when she injured her left hand while attempting to close a door in the ladies' bathroom. She filed a claim for workers' compensation benefits which was contro-

verted by the employer.* Claimant's case was subsequently closed for failure to prosecute, but was reopened in 1995. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence of claimant's injury and continued the case. At the conclusion of a hearing on May 30, 1996, the employer questioned whether the federal work study program in which claimant was enrolled at the time of her injury constituted covered employment under the Workers' Compensation Law and requested the opportunity to have two lay witnesses testify on this issue. The matter was referred to another WCLJ for the taking of such testimony. However, the employer's witnesses did not appear at hearings scheduled for November 15, 1996 and February 11, 1997. On February 11, 1997, the WCLJ denied any further adjournments, precluded the employer's witnesses from testifying and found the record complete.

Thereafter, on October 15, 1997, the WCLJ found that claimant was an employee of the College and her case was established for accident, notice and causal relationship. The employer appealed on the ground, inter alia, that the WCLJ's decision did not address whether claimant was engaged in covered employment within the meaning of the Workers' Compensation Law. On June 22, 2000, the Workers' Compensation Board affirmed the decision of the WCLJ. Thereafter, on August 17, 2001, the Board issued an amended decision which superceded its prior decision and specifically found that claimant was engaged in covered employment under the Workers' Compensation Law. The employer appeals.

The employer maintains that in order for claimant to be engaged in covered employment under the Workers' Compensation Law, she must have been involved in hazardous employment (*see* Workers' Compensation Law § 3 [1]) or the employer must have voluntarily extended coverage to her (*see* Workers' Compensation Law § 3 [1] [Group 19]). The employer asserts that since neither of these conditions was met, claimant is not covered. Although Workers' Compensation Law § 3 specifies the types of employment to which the statute applies, Workers' Compensation Law § 21 (1) contains a strong statutory presumption that "in the absence of substantial evidence to the contrary * * * the claim comes within the provision of [the Workers' Compensation Law]." Since the employer did not put forth evidence to rebut this statutory presumption, we find its argument unpersuasive. Indeed, while the employer was

* The College is part of the City University of New York and the City of New York is the self-insured employer.

granted the opportunity to present evidence that federal work study participants were not employees of the College and it had not voluntarily extended coverage to them, it failed to produce its two lay witnesses to provide such testimony. Although the employer submitted a letter to this effect, the Board declined to consider it because there was no opportunity to cross-examine witnesses regarding its contents. Notably, claimant testified that it was the College which issued her checks for the work she performed and she was supervised by one of its professors. Given the absence of substantial evidence to indicate that claimant was not engaged in covered employment, we find no reason to disturb the Board's decision (see generally Matter of Williams v Geddes, 125 AD2d 796).

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.