Mugglin, J.
Appeal from a decision of the Workers’ Compensation Board, filed March 28, 2002, which ruled that claimant’s decedent did not sustain a compensable injury.
Decedent, a delivery truck driver, suffered a fatal heart attack while making deliveries for the employer. There is no evidence of decedent’s precise activity at the time that he was stricken or if anyone witnessed the event. Claimant, decedent’s widow, filed a claim for workers’ compensation death benefits and the State Insurance Fund, the employer’s workers’ compensation carrier, controverted the claim. Following a hearing, a Workers’ Compensation Law Judge found an adequate basis for the claim and that the presumption of compensability contained in Workers’ Compensation Law § 21 applied. On appeal, the Workers’ Compensation Board reversed and closed the case on the ground that claimant failed to submit any medical evidence in support of her position that decedent’s death was causally related to his employment. Claimant now appeals.
We agree with claimant that the Board erred in requiring her to come forward, in the first instance, with prima facie medical evidence of a causal relationship between decedent’s death and his employment. Under the facts of this case, “the scant evidence concerning the circumstances of decedent’s death compels application of Workers’ Compensation Law § 21 (1), which provides that unwitnessed deaths that occur in the course of employment are presumed to arise out of that employment” (Matter of Barrington v Hudson Val. Fruit Juice, 297 AD2d 886, 886-887 [2002]; see Matter of Wichtendahl v Arrow Bus Line, 307 AD2d 400, 401 [2003]; Matter of Scalzo v St. Joseph’s Hosp., 297 AD2d 883, 884 [2002]).
Instead of producing substantial evidence to rebut the presumption (see Matter of Scalzo v St. Joseph’s Hosp., supra at 884), the carrier argued that claimant must produce prima facie *744 medical evidence establishing a causal relationship between decedent’s employment and his death. The Board’s reliance on disability (as contrasted with death) cases in accepting this argument and ruling in the carrier’s favor was error.
Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.