■ In the Matter of the Claim of MIGUEL TORRES, Appellant, v NEW YORK PALACE/VILLAGE BAR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [782 NYS2d 134]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed September 5, 2003, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits in May 2001, alleging that he had suffered an unwitnessed slip and fall while moving cases of beer in the basement of his employer's bar, injuring his wrist and back. Following a hearing, the claim was disallowed by the Workers' Compensation Law Judge, whose decision was affirmed by the Workers' Compensation Board. This appeal ensued.

We affirm. Substantial evidence supports the Board's factual determination that claimant had not actually suffered a work-related accident, but had instead fabricated his claim in retaliation for being discharged by the employer on the same day that the accident allegedly occurred. We note that claimant, who admitted that he did not seek medical attention for his injuries until 10 days after the incident, gave an account of the severity of his injuries that is wholly inconsistent with his hospital admission records. These records indicate only that claimant provided his attending physician with a history of a simple wrist sprain, for which he was treated and released; there is no mention of a back injury, a slip and fall or of any of the complications to which claimant later testified.

Moreover, the Board was entitled, as "the sole and final

arbiter of whether the testimony of a particular witness is worthy of belief," to discredit claimant's unsubstantiated statement that he promptly gave notice of the incident to his supervisor, and accept the testimony and documentary evidence offered by the employer's human resources personnel that claimant did not notify the employer until several days after he was terminated for insubordination, poor work performance and failure to satisfactorily complete his probationary work period (*Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675 [1993]; *see Matter of Owens v Village of Ellenville Police Dept.*, 280 AD2d 786, 787 [2001], *appeal dismissed* 96 NY2d 859 [2001]). Claimant's additional contention that the employer and/or the Board was required to produce the supervisor who allegedly ignored his efforts to report the incident is rejected, as the record evidence, undisputed by claimant, indicates that he had relocated to Italy and was unable to appear. Claimant's remaining argument has been considered and found to be unavailing.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.