■ In the Matter of the Claim of MARTHA LYNN BOOKER, Respondent, v INTERMAGNETICS GENERAL CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 191]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed March 20, 2007, which ruled that claimant's accidental injury arose out of and in the course of her employment.

Claimant suffered a traumatic head injury after she fainted

and struck her head on the floor of her work station while working on an assembly line in the employer's factory. She filed a claim for workers' compensation benefits, which was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier). Following the completion of discovery, including several hearings, a Workers' Compensation Law Judge determined that, pursuant to the presumption under Workers' Compensation Law § 21 (1), claimant's injury had arisen out of and in the course of her employment. Moreover, the Workers' Compensation Law Judge found the carrier's rebuttal evidence to be "too speculative to overcome the presumption in claimant's favor." Thereafter, the carrier sought review by the Workers' Compensation Board, which affirmed the decision, prompting this appeal by the carrier.

We affirm. Workers' Compensation Law § 21 (1) provides that an unwitnessed or unexplained accident that occurs during the course of a claimant's employment is presumed to arise out of such employment (see Matter of Brown v Clifton Recycling, 1 AD3d 735, 735 [2003]; Matter of Scalzo v St. Joseph's Hosp., 297 AD2d 883, 884 [2002]; Matter of Heck v Hilton Hotels Corp., 12 AD2d 672, 672 [1960]). In order to rebut this statutory presumption, a carrier is required to present substantial evidence to the contrary (see Matter of Camino v Chappaqua Transp., 19 AD3d 856, 856-857 [2005]; Matter of Pinto v Southport Correctional Facility, 19 AD3d 948, 949 [2005]).

Here, prior to her collapse, both claimant and her coworker, Roland Ronish, agreed that their work area was hot. As they continued to work next to each other, Ronish heard claimant gasp and observed her fall to the ground. Claimant's head and torso struck the floor and she began to convulse violently. Although she had no history of seizures, claimant's husband, who was also employed by the employer and responded to the scene of the accident, testified that claimant was bleeding from her ear and experienced a seizure in the ambulance during transport to the hospital. Claimant's hospital records reveal that she suffered a "sudden syncopal event" which caused her to collapse and strike the back of her head, resulting in severe head trauma. Claimant's condition worsened, requiring numerous surgical procedures.

Inasmuch as such evidence gave rise to the presumption that her injury arose out of her employment (see Matter of Cartwright v Onondaga News Agency, 283 AD2d 837, 837-838 [2001]), the burden shifted to the carrier to present compelling rebuttal evidence. After reviewing claimant's medical records, Warren

Silverman, one of the carrier's medical experts, opined that claimant's fall and loss of consciousness was not due to any "factors present in the workplace" but, rather, were due to "significant metabolic acidosis" that derived from, among other things, claimant's prior alcohol and substance abuse. Silverman contended that the occurrence of the acidosis could be attributed to the use of alcohol, as well as other factors such as dehydration, malnutrition and vomiting. Claimant's medical records, however, indicated that she had not abused alcohol for a period of 18 months prior to the accident. Although the carrier's medical expert opined that claimant's use of a prescription medication could likely have resulted in a seizure, the expert presented no proof that a seizure had precipitated claimant's collapse. Therefore, inasmuch as the Board was within its province to reject such evidence (*see Matter of Nappi v Bell Atl. Corp./NYNEX*, 284 AD2d 877, 879 [2001]; *Matter of Barrett v Transport Sys. of W. N.Y.*, 146 AD2d 829, 831 [1989]), we will not disturb its determination that the carrier failed to rebut the statutory presumption established in favor of claimant.

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.