■ In the Matter of the Claim of LORRAINE KANE, Respondent, v DAVID UNGER, Doing Business as CLYDES LITTLE RED BARN, et al., Appellants, and ANDREA COMPTON et al., Doing Business as CLYDE's, Respondents, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [893 NYS2d 319]—

Malone Jr., J.

In March 2006, David Unger began transferring ownership of a business he had operated since 2003 to Andrea Compton and Carl Carroccio. Unger, who had apparently turned over the day-to-day operation of the business to Compton and Carroccio on March 31, 2006, cancelled his workers' compensation insurance effective June 19, 2006. The transfer of ownership was finally completed in August 2006, when Unger received the monetary payment for the business.

Claimant, who had been employed by Unger prior to March 2006, suffered an allegedly work-related injury on June 9, 2006, while Unger's workers' compensation insurance policy was still active, and claimant filed a claim for workers' compensation benefits on July 24, 2006, listing Carroccio as her employer. Carroccio and Compton did not obtain workers' compensation insurance until July 15, 2006, and their workers' compensation carrier contested, among other things, whether it provided coverage for the injury. Following hearings on that issue, the Workers' Compensation Law Judge (hereinafter WCLJ) determined that the date of the transfer of the business was unclear, but that the transaction was not closed until August 2006. As a result, the WCLJ determined that Unger was claimant's employer at the time of her injury and found his workers' compensation carrier liable. On review, the Workers' Compensation Board affirmed, although the Board noted that the WCLJ had misidentified Unger's workers' compensation carrier and the Board determined that PMA Insurance Group (hereinafter

the carrier) was the proper carrier. Unger and the carrier now appeal.

We affirm. It is well settled that whether an employer-employee relationship exists is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence, despite evidence in the record that could support a different result (*see Matter of Sang Hwan Park v Lee*, 53 AD3d 936, 937-938 [2008]; *Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 723 [2005]). Here, there is evidence in the record that Unger was still claimant's employer on June 9, 2006. There was no written agreement to transfer the business, and Carroccio and Compton had not yet paid Unger anything as of June 2006. In addition, Unger still maintained workers' compensation insurance for the business as of the date of the injury. While there is evidence in the record that Carroccio and Compton had taken over the day-to-day operation of the business as of June 2006, which evidence could support a different conclusion, we nevertheless find that the Board's determination was supported by substantial evidence.

Peters, J.P., Lahtinen, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.