In the Matter of the Claim of MARCO ENRIQUEZ, Respondent, v HOME LAWN CARE AND LANDSCAPING, INC., Appellant, and UNINSURED EMPLOYERS' FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [909 NYS2d 567]—

McCarthy, J. Appeals (1) from a decision of the Workers' Compensation Board, filed July 3, 2009, which, among other things, ruled that claimant's injury arose out of and in the course of his employment, and (2) from a decision of said Board, filed February 4, 2010, which denied a request by Home Lawn Care and Landscaping, Inc. for reconsideration and/or full Board review.

Claimant filed a claim for workers' compensation benefits after he was injured when he fell off a ladder while doing work for Home Lawn Care and Landscaping, Inc. Following hearings, a Workers' Compensation Law Judge determined, among other

things, that an employer-employee relationship existed between claimant and Home Lawn Care at the time of claimant's injury and that the injury arose out of and in the course of his employment. Upon review, the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's finding that claimant's injury arose out of and in the course of his employment. The Board also determined that, as a result of Home Lawn Care failing to submit a timely notice of controversy pursuant to Workers' Compensation Law § 25 (2) (b), it was precluded from contending that claimant was not an employee, that claimant did not sustain an accidental injury or that the injury did not arise out of claimant's employment. The Board subsequently denied an application from Home Lawn Care for reconsideration and/or full Board review and these appeals ensued.

Initially, inasmuch as there is no evidence that a notice of indexing was ever mailed to Home Lawn Care, a fact conceded by the Board on appeal, we agree with Home Lawn Care that the Board erred in finding a violation of Workers' Compensation Law § 25 (2) (b) (*see Matter of Merendino v Village of Pawling*, 152 AD2d 762, 763 [1989]; *compare Matter of McDonald-Besheme v Verizon Wireless, Inc.*, 24 AD3d 1068, 1069 [2005]). Regarding the Board's determination that an employer-employee relationship existed, such a determination is a factual issue for the Board to resolve and its finding will be upheld if supported by substantial evidence (*see Matter of Lai Pock Lew v Younger*, 69 AD3d 1161, 1162 [2010]; *Matter of Kane v Unger*, 69 AD3d 991, 992 [2010]). Although no single factor is dispositive in making the determination, "[f]actors relevant to such a finding include the right to control the work and set the work schedule, the method of payment, the furnishing of equipment, the right to discharge and the relative nature of the work" (*Matter of Bugaj v Great Am. Transp., Inc.*, 20 AD3d 612, 614-615 [2005]; *see Matter of Brown v City of Rome*, 66 AD3d 1092, 1092 [2009]). Here, both claimant and James Egloff, Home Lawn Care's owner, testified that claimant had performed work, consisting mainly of lawn mowing and leaf removal, for Home Lawn Care for several years. Both parties also testified that Egloff told claimant where to work each day, supplied the equipment to perform the work and claimant drove Home Lawn Care's truck to the work locations. The record also contains evidence that claimant wore a shirt with Home Lawn Care's name on it and was paid weekly in cash. Claimant commenced a personal injury action against Home Lawn Care and others, wherein his personal injury attorney represented in a bill of particulars that claimant was self-employed, but claimant testified in the current matter that he was a Home Lawn Care em-

ployee.[1] Home Lawn Care's owner filed a form in which he referred to claimant as an employee[2] and testified that the company had one employee—claimant—although he later testified that claimant worked for the company as a self-employed independent contractor. The record contains substantial evidence supporting the Board's determination that an employer-employee relationship existed between claimant and Home Lawn Care, notwithstanding some evidence to the contrary (*see Matter of Bran v Wimbish*, 73 AD3d 1378, 1380 [2010], *lv dismissed* 15 NY3d 818 [2010]).

"Even though an employer-employee relationship was established, claimant can only receive workers' compensation benefits if his injury arose both out of and in the course of his employment" (*Matter of Nkrumah v Thomas*, 61 AD3d 1325, 1327 [2009] [citations omitted]). Inasmuch as claimant was injured when he fell off a ladder while cleaning gutters for a Home Lawn Care customer at a specified job site, his injury arose during the course of his employment. Therefore, "a presumption arises that it also arose out of the scope of his employment, unless the presumption is successfully rebutted by substantial evidence to the contrary" (*Matter of Marotta v Town & Country Elec., Inc.*, 51 AD3d 1126, 1127 [2008] [internal quotation marks and citations omitted]; *see* Workers' Compensation Law § 21 [1]; *Matter of Camino v Chappaqua Transp.*, 19 AD3d 856, 856-857 [2005]). Here, Home Lawn Care argues that claimant was performing an act that was strictly forbidden, thus outside the scope of his employment, when he fell off the ladder (*see e.g. Matter of Appleberry v Moskowitz*, 50 AD2d 1001, 1002 [1975]). In support, Egloff testified that he had previously informed claimant that Egloff was the only one allowed to climb ladders and, accordingly, that he had never requested that claimant clean any of his customer's gutters, including on the day in question. In contrast, claimant testified that Egloff had never instructed him not to climb a ladder and that Egloff had specifically told him to clean the gutters that day. Based upon our review of the record, and according appropriate deference to the Board's credibility determinations (*see Matter of Bran v Wimbish*, 73 AD3d at 1379-1380), we conclude that Home Lawn Care failed to rebut the presumption that claimant's injury arose out of and in the course of his employment.

---

1. While Home Lawn Care asserts that claimant admitted in a sworn statement that he was self-employed, the attorney—not claimant—signed the supplemental bill of particulars and claimant testified that he cannot read English.

2. Although the corporation's attorney filed the form, the owner testified that he supplied the information to complete the form and reviewed it before it was submitted to the Board.

Cardona, P.J., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the decisions are modified, without costs, by reversing so much thereof as found that Home Lawn Care and Landscaping, Inc. had violated Workers' Compensation Law § 25 (2) (b), and, as so modified, affirmed.