*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                517508
_____

In the Matter of the Claim of
    STEPHANY WORTHINGTON,
                    Claimant,

        v
                                        MEMORANDUM AND ORDER

SAMARITAN MEDICAL CENTER,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:   December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Wolff Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer
Jr. of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

_____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 7, 2012, which ruled that claimant sustained a
work-related injury and awarded her workers' compensation
benefits.

        Claimant, a registered nurse, injured her right foot, left
wrist and face after she fell while making her rounds and
checking on patients during her shift at the hospital.  According
to claimant, she was walking down the hallway when her foot

became stuck and she fell forward sustaining her injuries. Claimant subsequently applied for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded benefits. The Workers' Compensation Board affirmed that decision. This appeal ensued.

We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011] [citation omitted]). Furthermore, absent substantial evidence to the contrary, a presumption exists that an accident that occurs in the course of employment arises out of that employment (see Workers' Compensation Law § 21 [1]; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]; Matter of Lopez v City Univ. of N.Y., 299 AD2d 645, 646 [2002]). The Board credited claimant's testimony regarding the nature of the fall, namely, that it occurred because her foot stuck to the floor and not because she lost consciousness or experienced any kind of medical episode. Although the employer presented medical testimony that offered a variety of alternative causes for claimant's fall, including her preexisting diabetic condition and other idiopathic medical conditions, such conclusions were based upon mere speculation and were insufficient to rebut the statutory presumption contained in Workers' Compensation Law § 21. According deference to the Board's resolution of credibility issues with regard to the conflicting medical evidence and witness testimony (see Matter of Camby v System Frgt., Inc., 105 AD3d 1237, 1238 [2013]; Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012]), we find that substantial evidence supports the Board's determination that claimant's injuries arose out of and in the course of her employment (see Matter of Booker v Intermagnetics Gen. Corp., 53 AD3d 743, 745 [2008]; Matter of Scalzo v St. Joseph's Hosp., 297 AD2d 883, 884 [2002]).

Lahtinen, J.P., McCarthy, Rose and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court