*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                    519583
_____

In the Matter of the Claim of
    CORY W. HOPKINS,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER
EMCOR GROUP, INC., et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:   June 1, 2015

Before:   Lahtinen, J.P., Lynch, Devine and Clark, JJ.

                        _____


        Buckner & Kourofsky, LLP, Rochester (Matthew T. Austin of
counsel), for appellants.

        Connors & Ferris, LLP, Rochester (Alexander Osborne of
counsel), for Cory W. Hopkins, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                        _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 26, 2013, which ruled that claimant's accidental
injury arose out of and in the course of his employment.

        Claimant suffered serious injuries after he fell from a
scissors lift and struck his head on the floor while repairing

copper piping at his job site.  His claim for workers' compensation benefits was controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier).  Following a hearing, a Workers' Compensation Law Judge determined that claimant sustained a work-related injury.  The Workers' Compensation Board affirmed that decision and the carrier now appeals.

We affirm.  "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011] [citation omitted]; accord Matter of Worthington v Samaritan Med. Ctr., 124 AD3d 1155, 1155-1156 [2015]).  "Furthermore, absent substantial evidence to the contrary, a presumption exists that an accident that occurs in the course of employment arises out of that employment" (Matter of Worthington v Samaritan Med. Ctr., 124 AD3d at 1156 [citation omitted]; see Workers' Compensation Law § 21 [1]; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]).

Here, there is no dispute that claimant's injury occurred during the course of his employment.  Claimant testified that he recalled getting his feet tangled in some hoses attached to an acetylene torch, losing his balance and yelling out before falling.  The carrier contends, however, that claimant's fall did not arise out of his employment, but rather resulted from a seizure induced either by substance abuse withdrawal or alcohol withdrawal.  In support of its contention, the carrier presented the testimony of neurologist Emma Ciafaloni, who examined claimant the day after his fall.  Ciafaloni could, however, only testify that, based upon claimant's history, the cause of claimant's fall was "likely" a seizure caused by substance abuse withdrawal or alcohol withdrawal, but that there were no objective tests to determine whether claimant had actually suffered a seizure before he fell.  Further, although eyewitnesses testified that they believed that claimant had suffered a seizure before he fell, they admittedly had not observed claimant prior to him calling out, and they could not rule out the possibility that he had lost his balance after

becoming entangled in the hoses.  According deference to the Board's resolution of witness credibility issues, its determination that the carrier's evidence was speculative and insufficient to rebut the presumption of compensability pursuant to Workers' Compensation Law § 21 will not be disturbed (see Matter of Worthington v Samaritan Med. Ctr., 124 AD3d at 1156; Matter of Booker v Intermagnetics Gen. Corp., 53 AD3d 743, 744-745 [2008]).

Lahtinen, J.P., Devine and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court