In the Matter of the Claim of STEVEN ZOBEL, Respondent, v CHEMUNG COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [25 NYS3d 415]—

Clark, J. Appeal from a decision of the Workers' Compensation Board, filed September 24, 2014, which ruled that claimant sustained a work-related injury and awarded him workers' compensation benefits.

Claimant, a correction officer, sustained a torn medial meniscus in his right knee when he turned to enter an elevator while completing his shift for the day and en route to clock out. According to claimant, he was leaning on a wall while waiting for the elevator, and when the elevator opened and he stood up and turned to enter the elevator, he felt a sharp pain in his right knee. Claimant subsequently applied for workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim, and, following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded benefits. The Workers' Compensation Board affirmed that decision. This appeal ensued.

We affirm. " 'Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence' " (*Matter of Worthington v Samaritan Med. Ctr.*, 124 AD3d 1155, 1155-1156 [2015], quoting *Matter of Cicciarelli v Westchester Health Care Corp.*, 86 AD3d 733, 734 [2011] [citation omitted]). Furthermore, absent substantial

evidence to the contrary, a presumption exists that an accident that occurs in the course of employment arises out of that employment (*see* Workers' Compensation Law § 21 [1]; *Matter of Enriquez v Home Lawn Care & Landscaping, Inc.*, 77 AD3d 1149, 1151 [2010]; *Matter of Lopez v City Univ. of N.Y.*, 299 AD2d 645, 646 [2002]). Here, while the employer does not dispute that claimant's injury occurred during the course of his employment, the employer contends that claimant's injury to his knee was idiopathic in nature and did not result from an accident associated with any job duties or risks connected with his employment. However, claimant testified that he had no previous injuries to his right knee when he turned into the elevator and twisted his right knee and that, as part of his regular work duties, he was required to take the elevator at work because the stairs are usually locked. According deference to the Board's choice to credit claimant's testimony, which was, in fact, corroborated by the employer's independent medical examiner, who opined that if claimant "turned his leg when he was getting into an elevator at work, it is possible that this action caused degenerative tear of the medial meniscus," we find that there is substantial evidence to support the Board's determination that claimant's injury was the result of a workplace accident (*see* Workers' Compensation Law § 21 [1]; *Matter of Hopkins v Emcor Group, Inc.*, 130 AD3d 1114, 1115 [2015]; *Matter of Worthington v Samaritan Med. Ctr.*, 124 AD3d at 1156; *Matter of Scalzo v St. Joseph's Hosp.*, 297 AD2d 883, 884 [2002]).

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.