## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 14, 2016                521607
_____

In the Matter of the Claim of
    DOUGLAS HYATT,
                    Respondent,

        v
                                    MEMORANDUM AND ORDER

HOLLISWOOD CARE CENTER et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:   June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

                        _____


        Malapero & Prisco, LLP, New York City (David H. Allweiss of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.

                        _____


Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board, filed December 31, 2014, which ruled that claimant sustained a work-related injury and awarded him workers' compensation benefits.

        Claimant sustained an injury to his neck and back while performing his duties as a utility person and housekeeper for the employer.  According to claimant, he was injured while trying to hold and prevent a heavy bin of wet and soiled linen from falling

on his supervisor.  Claimant subsequently applied for workers' compensation benefits.  The employer and its workers' compensation carrier controverted the claim and, following a hearing, a Workers' Compensation Law Judge found that claimant sustained a work-related injury and awarded benefits.  The Workers' Compensation Board affirmed that decision.  This appeal ensued.

        We affirm.  "'Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence'" (Matter of Worthington v Samaritan Med. Ctr., 124 AD3d 1155, 1155-1156 [2015], quoting Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011] [citations omitted]).  Absent substantial evidence to the contrary, a presumption exists that an accident that occurs in the course of employment arises out of that employment (see Workers' Compensation Law § 21 [1]; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]; Matter of Lopez v City Univ. of N.Y., 299 AD2d 645, 646 [2002]).

        Claimant testified that, on October 2, 2012, he was injured while lifting wet clothes and linens into bins when he grabbed a heavy bin to prevent it from tipping over onto his supervisor and it pulled him over, causing him to feel pain in his neck, back and hands.  Claimant's primary care physician testified that he saw claimant on October 22, 2012 and, at that time, claimant mentioned that he had injured himself at work on October 2, 2012.  That physician testified that, in March 2013, claimant described the accident involving the bin, reporting that it had occurred on October 2, 2012, and explained that he had been instructed by his employer to file a disability claim rather than a workers' compensation claim.  The primary care physician further testified that an MRI performed on October 5, 2012, which had been ordered prior to claimant's accident due to preexisting back pain, indicated that claimant had suffered a herniated lumbar disc and lumbar disc bulge, and the primary care physician opined that claimant's back condition was caused by his job and limited his ability to work.  Claimant's orthopedic surgeon testified that an MRI indicated lumbar and cervical disc derangements and opined that such injuries were related to the October 2, 2012 incident

and resulted in a moderate to severe disability.  Consistent with the testimony of claimant's other two physicians, claimant's neurologist testified that subsequent MRI results showed that claimant had suffered herniated cervical and lumbar discs, which the neurologist attributed to claimant's reported October 2, 2012 accident.

Although claimant had previously seen his primary care physician for back pain and there is some discrepancy as to the date of the accident, the Workers' Compensation Law Judge credited claimant's testimony that the accident occurred on October 2, 2012, and the Board panel declined to disturb that assessment.  The date of October 2, 2012 is consistent with the C-3 form that claimant ultimately filed and each of his physicians' recollections of claimant's self-reported date of the accident.  Thus, according deference to the Board's resolution of witness credibility issues, we find that substantial evidence supports the Board's determination that claimant's injuries arose out of and in the course of his employment, and its decision will not be disturbed (see Workers' Compensation Law § 21 [1]; Matter of Hopkins v Emcor Group, Inc., 130 AD3d 1114, 1115 [2015]; Matter of Worthington v Samaritan Med. Ctr., 124 AD3d at 1156; Matter of Scalzo v St. Joseph's Hosp., 297 AD2d 883, 884 [2002]).

Lahtinen, Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court