*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                521272
_____

In the Matter of the Claim of
    LORRAINE QUIGLEY,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

CONCERN FOR INDEPENDENT LIVING
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 13, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Mulvey, JJ.

_____

    Cherry, Edson & Kelly, LLP, Carle Place (David W. Faber of counsel), for appellants.

    Eric T. Schneiderman, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

_____

Mulvey, J.

    Appeal from a decision of the Workers' Compensation Board, filed September 8, 2014, which ruled that claimant sustained a work-related injury and awarded her workers' compensation benefits.

    Claimant sustained injuries to her left arm and wrist when she fell at work.  She applied for workers' compensation benefits and, following a hearing, a Workers' Compensation Law Judge found

that claimant sustained a work-related injury and awarded benefits.  The Workers' Compensation Board affirmed that decision, with one panel member dissenting.  The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought full Board review and, following its review, the full Board affirmed.  The employer now appeals.

We affirm.  "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Cicciarelli v Westchester Health Care Corp., 86 AD3d 733, 734 [2011] [citations omitted]; accord Matter of Worthington v Samaritan Med. Ctr., 124 AD3d 1155, 1155-1156 [2015]).  Moreover, there is a presumption that an accident that occurs in the course of employment also arises out of that employment, unless there is substantial evidence to the contrary (see Workers' Compensation Law § 21 [1]; Matter of Hyatt v Holliswood Care Ctr., 141 AD3d 908, 909 [2016]; Matter of Enriquez v Home Lawn Care & Landscaping, Inc., 77 AD3d 1149, 1151 [2010]).

Here, it is undisputed that claimant's unwitnessed accident occurred in the course of her employment.  Claimant testified that she was walking down a hallway at work when she fell.  The employer argues, however, that the accident did not arise out of claimant's employment, but was due to an idiopathic condition.  In support, the employer relies on a notation by an emergency room physician made on the day of the fall that indicates that claimant provided a history that included the fact that she uses a cane due to a balance problem.  The employer also relies on the fact that claimant could not identify any cause attributable to her employment for the fall, and that she informed an emergency room nurse that she lost her balance and fell.

Claimant testified that she uses a cane and that it was recommended by her orthopedist due to an arthritic condition in her knee.  Claimant further testified that she was not having any problems with her knee at the time of the fall.  Although she informed one of her treating nurses that she lost her balance and fell, she informed another nurse that she lost her footing and fell, and claimant testified she could not recall what

information she had given hospital staff concerning her fall. Physical therapy assessment forms prepared at the hospital in the days following her fall indicate that claimant was using a cane and walking in a slow and steady gait with no loss of balance or unsteadiness. The Board credited claimant's testimony that she did not know the cause of her fall, and found that her statements to the hospital staff that she had lost her balance or her footing were merely descriptions of a fall in general and were not proof that her fall was unrelated to her employment. According deference to the Board's credibility determinations and assessment of the record evidence (see Matter of Roman v Manhattan & Bronx Surface Tr. Operating Auth., 139 AD3d 1304, 1306 [2016]; Matter of Hernandez v Vogel's Collision Serv., 48 AD3d 861, 861 [2008]), and given that there are no medical opinions in the record connecting claimant's fall to any idiopathic reasons, substantial evidence supports the Board's decision that the employer failed to rebut the statutory presumption and it will not be disturbed (see Matter of Worthington v Samaritan Med. Ctr., 124 AD3d at 1156).

Peters, P.J., Garry, Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court