Matter of Elias-Gomez v Balsam View Dairy Farm (2018 NY Slip Op 04616)





Matter of Elias-Gomez v Balsam View Dairy Farm


2018 NY Slip Op 04616


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525466

[*1]In the Matter of the Claim of ANTONIO ELIAS-GOMEZ, Appellant,
v
BALSAM VIEW DAIRY FARM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Quainton Law, PLLC, New York City (Eden P. Quainton of counsel), for appellant.
William O'Brien, State Insurance Fund, New York City (David J. Schatten of counsel), for Balsam View Dairy Farm and another, respondents.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed November 8, 2016, which ruled that claimant did not sustain an accident in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a farmhand, filed a claim for workers' compensation benefits in May 2015, asserting that he injured his right shoulder approximately one year earlier while assisting in a "particularly difficult" birth of a calf. The employer and its workers' compensation carrier controverted the claim contending, among other things, that claimant failed to provide timely notice of the alleged accident and, further, that no compensable accident actually occurred. After claimant's evaluating physician was deposed and an independent medical examination of claimant was conducted, a hearing ensued, at the conclusion of which a Workers' Compensation Law Judge simultaneously established the claim for accident, notice and causal relationship and restored the matter to the calendar for further development and resolution of those issues. Upon administrative review, the Workers' Compensation Board modified, finding that claimant did not sustain an accident in the course of his employment and denied his claim for workers' compensation benefits. This appeal by claimant ensued.
We affirm. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [2017] [internal quotation marks and citations omitted]; see Matter of Deleon v Elghanayan, 159 AD3d 1244, 1245 [2018]). "In order for an injury to be compensable, it must arise out of and in the course of the claimant's employment" (Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1321 [2018] [internal quotation marks, brackets and citation omitted]; see Matter of Brennan v New York State Dept. of Health, 159 AD3d 1250, 1251 [2018]). While it is true that, absent substantial evidence to the contrary, Workers' Compensation Law § 21 (1) affords a presumption that an accident that occurs in the course of employment also arises out of such employment (see Matter of Hyatt v Holliswood Care Ctr., 141 AD3d 908, 909 [2016]; Matter of Zobel v Chemung County, 136 AD3d 1140, 1140-1141 [2016], lv denied 27 NY3d 907 [2016]), the statutory presumption "cannot be used to establish that an accident occurred" in the first instance, nor "does [it] wholly relieve a claimant of the burden of demonstrating that the accident occurred in the course of, and arose out of, his or her employment" (Matter of Silvestri v New York City Tr. Auth., 153 AD3d 1069, 1071 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Williams v New York State Off. of Temporary Disability & Assistance, 158 AD3d 965, 966 [2018]; Matter of Ellis v Frito Lay Inc., 138 AD3d 1363, 1363 [2016]; Matter of Huggins v Masterclass Masonry, 83 AD3d 1345, 1347 [2011]).
Claimant testified that he injured his right shoulder while assisting in the delivery of a calf on the afternoon of May 10, 2014 — one of the multiple births that allegedly occurred on the dairy farm that day. Claimant denied any prior injury to his right arm, asserted that he had been unable to work at all since the date of the incident and maintained that the employer fired him due to his physical inability to perform the work required. Although the employer's representative acknowledged that claimant was working on the day in question, he denied that there were any births of calves on the date of claimant's alleged injury. The representative also denied that claimant ever reported any injury attributable to the birthing of a calf at the farm. In this regard, the employer's representative testified that, while claimant did complain of pain in his shoulder, claimant attributed such pain to work that he did while hauling concrete in Guatemala and expressly denied being injured by a cow on the farm. As to the circumstances leading to claimant's discharge, the representative testified that he fired claimant approximately six months after the incident in question because of complaints from claimant's coworkers, who indicated that claimant was behaving in a "threatening" manner and "doing bad things" to the employer's cows at night.
Regardless of the accuracy of the employer's birthing records for the day in question — records that claimant simultaneously relies upon and criticizes — the Board was free to credit the testimony of the employer's representative that no calves were born on the dairy farm on May 10, 2014 and, in so doing, find that claimant did not suffer an injury to his right shoulder during the course of his employment (see e.g. Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017]; Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010], lv dismissed 16 NY3d 780 [2011]). According deference to the Board's credibility determinations (see Matter of Ciullo v Gordon L. Seaman Inc., 144 AD3d 1377, 1378 [2016]; Matter of Siennikov v Professional Grade Constr., Inc., 137 AD3d 1440, 1443 [2016]; Matter of Torres v New York Palace/Vil. Bar, 10 AD3d 821, 821-822 [2004]), and given that the Board is "the sole arbiter of witness credibility and is not bound by the Workers' Compensation Law Judge's determinations in this regard" (Matter of Dixon v Almar Plumbing, 111 AD3d 1230, 1231 [2013] [internal quotation marks and citations omitted]), we perceive no basis upon which to disturb the Board's finding, which we [*2]conclude is supported by substantial evidence. Additionally, in view of the inconsistent history provided by claimant with respect to the onset/duration of his shoulder pain and mechanism of injury, the Board's further finding — that claimant failed to tender sufficient medical evidence of causal relationship — also is supported by substantial evidence in the record as a whole (see Matter of Corina-Chernosky v Dormitory Auth. of State of N.Y., 157 AD3d 1067, 1069 [2018]). Claimant's remaining arguments, to the extent not specifically addressed, are either academic or lacking in merit.
Garry, P.J., McCarthy, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.