Matter of Bosque v Prime Support Inc. (2024 NY Slip Op 02238)

Matter of Bosque v Prime Support Inc.

2024 NY Slip Op 02238

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-23-0221
[*1]In the Matter of the Claim of Annette Bosque, Claimant,
v
Prime Support Inc. et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 26, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

David F. Wertheim, State Insurance Fund, Albany (Susan B. Marris of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed November 10, 2022, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment and awarded workers' compensation benefits.
Claimant, a home health care aide, fell in a hallway after cleaning her patient's bedroom. When the patient's mother found claimant face down on the floor, claimant was bleeding and unresponsive. Claimant regained consciousness and, following a brief visit to an urgent care facility, was transported to a local hospital where she was diagnosed with, among other things, a subarachnoid hemorrhage, central cord syndrome and mild traumatic brain injury. After undergoing two surgeries for her spinal cord injuries, claimant filed a claim for workers' compensation benefits. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim but neglected to file a prehearing conference statement, resulting in the loss of certain defenses (see Workers' Compensation Law § 25 [2] [b]). Following a hearing and the deposition of the urgent care physician, a Workers' Compensation Law Judge found that claimant sustained a work-related injury to her head, neck and right arm and awarded benefits. The carrier sought administrative review contending, among other things, that claimant's injuries were not due to a risk incident to her employment and, as such, her claim should be disallowed. The Workers' Compensation Board disagreed, finding that claimant sustained compensable work-related injuries. This appeal by the carrier ensued.
Although the carrier acknowledges that it is precluded from arguing that claimant's injuries "did not arise out of and in the course of [her] employment" (Workers' Compensation Law § 25 [2] [b]), it nonetheless attempts to sidestep this obstacle by contending that claimant failed to establish that she sustained a compensable accident in the first instance. Assuming, without deciding, that there is a distinction to be drawn between the issue that the carrier is advancing and the issue that it is precluded from contesting, we disagree. "Whether a compensable accident has occurred is a question of fact to be resolved by the Board and its determination will not be disturbed when supported by substantial evidence" (Matter of Larosa v ABC Supply Co., Inc., 159 AD3d 1321, 1322 [3d Dept 2018] [internal quotation marks and citations omitted]; accord Matter of Docking v Lapp Insulators LLC, 179 AD3d 1275, 1276 [3d Dept 2020]). In order for an accidental injury to be compensable under the Workers' Compensation Law, such "injury must arise both out of and in the course of a claimant's employment" (Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276; see Matter of Nwoko v City of New York, 29 AD3d 1070, 1071 [3d Dept 2006]). To that end, "Workers' Compensation Law § 21 (1) provides a presumption of compensability for accidents occurring during the course [*2]of employment which are unwitnessed or unexplained" (Matter of Babson v Finch Pruyn & Co., Inc., 25 AD3d 936, 937 [3d Dept 2006] [citations omitted]; see Matter of Larosa v ABC Supply Co., Inc., 159 AD3d at 1321; Matter of Booker v Intermagnetics Gen. Corp., 53 AD3d 743, 744 [3d Dept 2008]). Once a claimant has established his or her entitlement to the presumption, the burden shifts to the carrier "to present substantial evidence to the contrary which, as a matter of law, precludes the Board from crediting any explanation of the accident except that offered by the employer" (Matter of Koenig v State Ins. Fund, 4 AD3d 671, 672 [3d Dept 2004] [internal quotation marks and citations omitted]; see Matter of MacDonald v Penske Logistics, 34 AD3d 967, 967 [3d Dept 2006]; Matter of Nwoko v City of New York, 29 AD3d at 1071; see also Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276).
The patient's mother testified that she was working in her home office when she heard a "thud," whereupon she walked upstairs and found claimant bleeding and unconscious in the upstairs hallway of the residence. As there is no dispute that claimant's injuries were sustained while she was working in the patient's home, claimant is entitled to the statutory presumption that such injuries arose out of and in the course of her employment (see Matter of Docking v Lapp Insulators LLC, 179 AD3d at 1276; Matter of Quigley v Concern for Ind. Living, 146 AD3d 1185, 1185 [3d Dept 2017]; Matter of Booker v Intermagnetics Gen. Corp., 53 AD3d at 744; Matter of Koenig v State Ins. Fund, 4 AD3d at 672). Although the carrier argues that the cause of claimant's fall was idiopathic in nature, this assertion is entirely speculative, as the carrier produced no medical evidence "to explain the etiology" of claimant's fall and apparent loss of consciousness (Matter of Grimaldi v Shop Rite Big V, 90 AD2d 608, 608 [3d Dept 1982]; see Matter of Quigley v Concern for Ind. Living, 146 AD3d at 1186; Matter of Worthington v Samaritan Med. Ctr., 124 AD3d 1155, 1156 [3d Dept 2015]; Matter of Cartwright v Onondaga News Agency, 283 AD2d 837, 838 [3d Dept 2001]; Matter of Fallon v National Gypsum Co., 53 AD2d 745, 745 [3d Dept 1976], lv denied 40 NY2d 803 [1976]). Accordingly, the statutory presumption was not rebutted and, upon reviewing the record as a whole, we find that the Board's decision is supported by substantial evidence (see e.g. Matter of Quigley v Concern for Ind. Living, 146 AD3d at 1186; Matter of Cartwright v Onondaga News Agency, 283 AD2d at 838). The carrier's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Aarons, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.